A. B. *v.* ARKANSAS SOCIAL SERVICES et al

81-35                                620 S.W. 2d 271

Supreme Court of Arkansas
Opinion delivered July 6, 1981
[Rehearing denied September 21, 1981.]

*Daniel J. Runde*, for appellant.

*Judith P. Balentine*, for appellee.

*Theodore C. Skokos*, for Dorothy Anne Greenfield, minor.

GEORGE ROSE SMITH, Justice. This guardianship case has to do with Anne, a child born in Arkansas in 1978. She was later placed in the custody of Arkansas Social Services. In June, 1979, the juvenile court of Pulaski county granted Social Service's petition for authority to file a proceeding in the probate court for the appointment of a guardian for the child with power to consent to her adoption without notice to the child's natural parents. Ark. Stat. Ann. § 56-126 (Supp. 1979).

The present proceeding was accordingly filed in probate court in March, 1980. About a month earlier the child's mother had decided to give up the child for adoption and had signed a formal entry of appearance and consent to adoption without notice. The appellant, A. B., is conceded by Social Services to be the child's father, although at the child's birth her mother was married to another man, with whom she had not lived for some years. A. B. was made a party to this proceeding and has contested it from the beginning.

The matter was referred to a special master, who conducted a hearing and made findings that were adopted by the probate court. The court's order granted the petition, appointed Ivan H. Smith as guardian with power to consent to adoption, and found that A. B. is not a fit and proper person to have the child, for three reasons:

(1) This father's actions have caused his incarceration and his failure to meet his parental responsibilities for a period of more than a year;

(2) Placing the child in the father's custody would raise a substantial risk of serious harm to the child due to the mental and emotional illnesses of the father which have resulted in repeated incarcerations and failures at rehabilitating his own life; and

(3) The father's past behavior indicated an irremediable inability to provide for the basic, essential and necessary physical, mental and emotional needs of the child.

The appellant argues that the proof does not support the court's findings. In a case such as this one, in which a natural parent's consent to adoption is to be dispensed with, the basis for the court's action must be proved by clear and convincing evidence. *Harper* v. *Caskin*, 265 Ark. 558, 580 S.W. 2d 176 (1979).

The court's first finding is essentially one of abandonment under § 56-128 (D) (1) (Supp. 1980), which requires a finding that the parent has abandoned the child, by conduct evidencing "a settled intent to forego parental rights and responsibilities." There is a rebuttable presumption of abandonment if the parent has without just cause, for a period of one year immediately preceding the filing of the petition, failed to assume responsibility for the care and custody of the child or to participate in a plan to assume such responsibility. *Id.*

We find the proof insufficient to support the first finding. A. B. entered the Department of Corrections two weeks before his child's birth, to begin serving a five-year sentence. Over a period of nearly two years, beginning when

Anne was four months old, two Social Services case workers took the child for a total of nineteen two-hour visits with her father. The case workers' testimony rebuts the notion that A. B. had a settled intent to abandon his child. He was gentle with the child and expressed his love and concern for her. In fact, the special master said at the close of the hearing that the father obviously loved the child very much. Mere incarceration is not conclusive on the issue of abandonment. *Zgleszewski* v. *Zgleszewski*, 260 Ark. 629, 542 S.W. 2d 765 (1976). Inasmuch as A. B. was released on parole a month *after* the present petition was filed, there was a marked failure by the petitioner to show abandonment for more than a year immediately preceding the filing of the petition.

The second and third findings are both under § 56-128 (F), but that subsection specifically states that before a ground of unfitness may be established under its provisions the court must be satisfied that the parents have received from Social Services for a period of up to six months "remedial support services" and that such services have failed to substreduce the risk of harm to the child. No such program has been attempted or even shown to be needed. Apart from that fatal defect, there is no proof that this father's custody would present a risk of substantial harm to his daughter. At the time of the hearing he had been incarcerated for about 20 of his 41 years of life, originally as a teen-ager. He served all of a ten-year sentence for man-slaughter in California; other comparatively short sentences made up the rest of the total. There is no showing of present mental or emotional illness. No witness testified to that effect. A. B. spent some time in mental institutions in California many years ago, but there is no indication of the nature of his illness or of its continued existence. The proof intended to support the second and third findings does not meet the minimum requirements of the statute.

In stressing the deficiencies in the petitioner's proof we do not in any way imply that A. B. is entitled to Anne's custody. That issue is not even presented by this case. We must, however, reverse the trial court's decision; in doing so we suggest that the case may appropriately be referred again to the juvenile court, to the end that it and Social Services

may resume their efforts to preserve this family relationship.

Reversed.

HAYS, J., not participating.

HICKMAN, J., dissents.

DARRELL HICKMAN, Justice, dissenting. In two cases interpreting the new adoption law we have taken the view that the law should be liberally interpreted so that the legal father cannot unreasonably block the adoption of his child.

In *Pender* v. *McKee*, 266 Ark. 18, 582 S.W. 2d 929 (1979), we held that the legal father who had not contributed any money to the support of his child for "at least ten months" forfeited his right to object to the adoption of his child. In *Henson* v. *Money*, 273 Ark. 203, 617 S.W. 2d 367 (1981), decided only weeks ago, we held the legal father forfeited his rights when he did not pay support payments for fifty-one weeks. In both cases the fathers were the legal biological fathers of the children, who had in the past supported their children.

In this case the father has never sought any legal rights to the child which is his out of wedlock. In *Roque* v. *Frederick*, 272 Ark. 392, 614 S.W. 2d 667 (1981), we held a putative father had the right to a hearing regarding his rights. We did not hold a putative father necessarily had any legal rights to the child. That depends on the circumstances of the case.

The father in this case has spent a good part of his life in mental and penal institutions. He admitted to being incarcerated for about twenty of his forty-one years. He was in the Arkansas penitentiary when the child was born.

Why Arkansas Social Services took the child to the penitentiary for regular visits I do not know. Perhaps this was done at the order of the Juvenile Court or perhaps in the belief that this man and the mother might get married.

The testimony was that after he was released he did not seek to visit the child. He said he called the social worker a few times but she was not in. But the social worker in charge

of the case said he never contacted her regarding the child. He has not ever paid a dime's support for this child. He admits to being in the custody of the California Youth Authority when he was thirteen or fourteen. He admitted he pleaded guilty to manslaughter in California and was sentenced to serve from six months to ten years. He served *every day* of the ten year sentence. He admitted he stole an automobile in San Francisco for which he received probation. He was in jail numerous times. His "rap sheet" reads as follows:

ASP 135                    DEPARTMENT OF PUBLIC SAFETY

FILED
JUL 2 8 1980
CHARLES F. JACKSON
County & Probate Clerk
PULASKI COUNTY, ARK.

ARKANSAS STATE POLICE
POST OFFICE BOX 4005
LITTLE ROCK, ARKANSAS 72204

Identification Bureau

The following is a transcript of the record, including the most recently reported data as shown in the files of this Bureau concerning our number 4 7 7 6 8 5 and is furnished for OFFICIAL USE ONLY.

CO-1939-WM          GREENFIELD, David Allen      22-  M  2  U  III  13
                                                      L  2  U  IIM  I

| Contributor of Fingerprints | Name and Number | Arrested or Rec'd | Charge | Disposition |
|---|---|---|---|---|
| IO Napa, Calif | David A. Greenfield #26354 | 12-16-55 | 187PC-(murder) | |
| It Bu Sacramento, Cali | David A. Greenfield #2751 | 4-12-56 | patient SHosp Atascadero, Cali | |
| IO Napa, Calif | David A. Greenfield #26354 | 7-31-57 | mur-Superior Crt bench wrrnt | |
| O Fairfield, Calif | David A. Greenfield #35573 | 9-18-57 | 187PC manslaugh-ter | held for N. SO |
| It Bu Sacramento, Cali | David A. Greenfield #A45009 | 1-21-58 | manslaugh Ter | 6 mos, 10 disch 1-21 |
| D Reno, Nev | David A. Greenfield #141727 | 9-9-68 | diso hold for check | |
| PD San Fran, Calif | David A. Greenfield #240930 | 5-16-69 | E-33615 no warr Sec 10851 CVC (stolen auto) | rebook sec 108 VC (gl of se499b 60 dys |
| PD Sacramento, Calif | David A. Greenfield #S-25521 | 9-2-69 | enrt San Francisco CA PL (21802a CVC entering through highway) | rel to Sa Francisco, PD |
| Coast Guard | David A. Greenfield #396124 AP | 8-19-69 | | |
| PD Daly City, Calif | David A. Greenfield #14202 | 4-14-70 | 10851 CVC-auto theft 496 PC-poss stolen prop 2 cts both | dism, St p susp for y on chg of 10851 VC |
| D Redwood City, Calif | David A. Greenfield #67092 | 4-14-70 | auto theft | Enrt Daly City PD |

ASP 135                    DEPARTMENT OF PUBLIC SAFETY

ARKANSAS STATE POLICE
POST OFFICE BOX 4005
LITTLE ROCK, ARKANSAS 72204

Identification Bureau

The following is a transcript of the record, including the most recently reported data as shown in the files of this Bureau
concerning our number  4  7  7  6  8  and is furnished for OFFICIAL USE ONLY.

Page 2              GREENFIELD, David Allen

| Contributor of Fingerprints | Name and Number | Arrested or Rec'd | Charge | Disposition |
|---|---|---|---|---|
| ; Bu of CII ;cramento, Calif | David A. Greenfield #929507Z | 8-28-70 | rec. for diag 1203.03 PC theft of vehicle 10851 VC | 90 dys placement disch to St Mateo, Cali |
| C Redwood City, Calif | David A. Greenfield #67092 | 5-16-71 | carry conc weap carry a loaded firearm in publi place, auto thef & poss of dang drugs | |
| ; Brisbane, Calif | David A. Greenfield #2966 | 5-18-71 | 10851 CVC stln veh, 11910 H & S poss dang drugs PC illegal fire- arms (conc weap loaded firearms) | Dept of Cor sent susp c chg of 1201 |
| II Sacramento, Calif | David A. Greenfield #B36810 | 9-13-71 | T of veh, veh code 10851 | six mos to five yrs, par to S.F. Co. |
| - Bu Cii ;cramento, Calif | David A. Greenfield #B36810A | 9-13-71 | T of veh, conc with present term 10851 veh code | six months 5 yrs conc with presen term 7-30-75 dis |
| ;Springdale, Ar | David A. Greenfield #5630 | 12-15-77 | forg, crim solicitation | |
| ; Dept of Corr ;ady, Ar | David Greenfield #71165 | 1-27-78 | crim solicitatio to commit forg, T by rec, poss of firearms (Washington Co) | 5 yrs |

Greenfield admitted most of the convictions but claimed there was another man named David Allen Greenfield in California that must have committed some of these acts.

The evidence reflects that since he was released from the Arkansas penitentiary he has moved about and changed jobs. There was evidence he had not been completely honest about his employment since he was paroled.

I find that all this evidence supports the probate judge's

two findings:

. . .

> (2) Placing the child in the father's custody would raise a substantial risk of serious harm to the child due to the mental and emotional illnesses of the father which have resulted in repeated incarcerations and failures at rehabilitating his own life; and
>
> (3) The father's past behavior indicated an irremediable inability to provide for the basic essential and necessary physical, mental and emotional needs of the child.

I would agree that incarceration alone is not grounds to find abandonment. But the test on review is not whether we are convinced that there is clear and convincing evidence of the probate judge's findings, but whether we can say that the probate judge was clearly wrong in his findings. Rules of Civil Procedure, Rule 52.

This father may need this child but this child does not need this father. Social Services owes no duty to put this father and child together. They worked on this case providing support financially and otherwise to *both* the father and mother for over a year. This child does not need its life and well being delayed any longer. There was sufficient evidence to support the probate judge's findings and I would affirm the decree.