Lonnie EVANS *v.* STATE of Arkansas

CR 85-159                                    697 S.W.2d 879

Supreme Court of Arkansas
Opinion delivered October 14, 1985

137

138

*Cecilia Ryker Seay*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Lonnie Evans was convicted of breaking or entering and theft. He was fined and sentenced to imprisonment in the Arkansas Department of Correction. Appellant was 17 years old when the crime was committed and the information filed, but had turned 18 before trial. This case was certified to the Supreme Court by the Court of Appeals pursuant to Sup. Ct. R. 29(1)(c) and 29(4), in order for this court to interpret Ark. Stat. Ann. § 45-420 (Supp. 1985) concerning the transfer of juvenile cases where the circuit and juvenile courts have concurrent jurisdiction over a defendant.

The trial court denied appellant's pretrial motion to transfer his case to the juvenile court. We find no error in that portion of the proceedings. Appellant raises several other issues on appeal and we find merit in his contention that the trial court erred by admitting into evidence testimony concerning appellant's alleged

involvements in two other criminal matters. Accordingly, we reverse and remand.

Appellant was on trial for breaking or entering and for theft of a wrench set and air hose taken from a truck and the tool box attached to it, owned by Terry Howerton. A substantial amount of the testimony during the course of the trial, however, did not pertain to the Terry Howerton incident, but rather to appellant's alleged involvements in the burglary and theft of tools and auto parts from Smith Wheel Alignment and the passing of hot checks in another city. The appellant was initially charged with committing burglary and theft from Smith Wheel Alignment on the same night that the charges in question occurred, however, these charges were formally dismissed. The hot check charge against appellant was pending in another county. The trial court permitted extensive testimony from the appellant's accomplices and the investigating officer which focused more on appellant's disputed involvement in the Smith burglary than on the charged offense. In addition, the state was permitted to bolster its testimony concerning the Smith burglary through an independent witness who had no knowledge as to the offense charged.

The trial court initially permitted this testimony because it concerned events which occurred during the same night as the incident in question and were thus so intertwined as to be necessary for background and clarification of the Howerton burglary and theft. Admission of the testimony was further justified as showing a motive and common scheme or plan under Ark. Stat. Ann. § 28-1001, Rule 404(b) (Repl. 1979), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Additional testimony from an accomplice describing appellant's involvement in passing hot checks written by the accomplice, was also ruled admissible based on common motive. The asserted connection between the charged offense and the other offenses is that they were all part of the same plan involving the

motive of supplying appellant with tools and money so that he could open an auto shop next door to Smith Wheel Alignment.

It is difficult to summarize the facts of the Howerton and Smith burglaries because of the intermixing of testimony and the varying accounts given by appellant's accomplices.

In essence, the testimony against the appellant was that he and two accomplices were driving around on the night of the crime when they decided to get some gas by syphoning the Howerton truck. When they were unable to get the locked cap off, they instead took the tools from the truck's tool box which is the basis of the present charges. Sometime later that night the Smith burglary occurred. The appellant's involvement in that crime is unclear from the record. Testimony was elicited at length to determine whether appellant participated in the planning of the Smith burglary or whether he was invited to participate; whether he was at the scene or just drove around looking for the police; whether the stolen goods were left at his house; and whether he knew they were stolen. Repeated objections were made by defense counsel that the prosecution was attempting to "bootstrap" the charged offense with evidence of another burglary and that appellant was put in the position of having to defend two crimes. We agree.

In analyzing the admissibility of the testimony about the Smith burglary, it should be noted that the state is entitled to produce evidence to show all of the circumstances connected with the crime, even if other criminal offenses are thereby brought to light. *Hobbs* v. *State*, 277 Ark. 271, 641 S.W.2d 9 (1982). In *Hobbs*, evidence of other crimes came out in the testimony, but only as incidental references that were necessary to determine issues relating to the charged offense. Unlike *Hobbs*, the state in this instance called witnesses for the sole purpose of establishing that the appellant did in fact commit the other crimes.

In *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954), we thoroughly discussed the purposes and application of the common law equivalent of Rule 404. The court there stated:

> We do no permit the State to bolster its appeal to the jury by proof of prior *convictions*, with their conclusive presumption of verity, and still less is there reason to allow the

jury to be prejudiced by mere accusations of earlier misconduct on the part of the defendant. If the accused has committed other crimes, each may be examined separately in a court of law, and punishment may be imposed for those established with the required certainty. In this way alone can we avoid the elements of unfair surprise and undue prejudice that necessarily attend trial by accusation in place of trial upon facts demonstrated beyond a reasonable doubt.

■■ Reference to the Smith burglary should only have been allowed if it was so intertwined factually with the case before the court that exclusion of any reference to it would be confusing to the jury or unnecessarily hamper the state's proof of the charged crime. It cannot be said that, merely because they occurred on the same night and involved items of similar nature, that the state should be allowed to freely bring in all the evidence it could find on the Smith burglary to implicate the appellant. In light of the fact that the charges against the appellant concerning the Smith burglary were dismissed, we see little probative value in the evidence and substantial prejudice. The trial court committed error in admitting these facts into evidence for which the case must be reversed and remanded.

■ Appellant asserted several other arguments for reversal which we reject but will address as they are likely to arise on retrial. A motion was made by appellant before trial to have his case transferred from circuit court to juvenile court pursuant to Ark. Stat. Ann. § 41-617 (Supp. 1985) and § 45-420 (Supp. 1985). Section 41-617 gives concurrent jurisdiction to circuit courts and juvenile courts where the defendant was 15 to 17 years of age at the time of the conduct alleged to constitute an offense, and gives the circuit court the power to enter an order waiving jurisdiction in favor of a juvenile court.

■ The discretion of the circuit court judge in making this decision was limited by a 1981 amendment to section 45-420 which stated that the judge shall hold a hearing to determine whether the case should be transferred and consider only certain factors in the decision. Those factors are:

(a)  The seriousness of the offense and whether violence was employed by the juvenile in the commission of

the offense.

(b) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts.

(c) The prior history, character traits and mental maturity, and any other factors which reflect on the juvenile's prospects for rehabilitation.

The appellant stated in support of his motion that the tools taken were valued at less than $200, that no violence was used in the commission of the offense, that he was 17 years of age when it was committed, that he had never been adjudicated or convicted of a criminal offense and that he is amenable to rehabilitation. Appellant asserted that the purpose of the juvenile code is to benefit those in his position who should not be subjected to imprisonment with adults and stigmatized with a criminal record, but should instead be given the opportunity for rehabilitation.

Before the trial, the court heard arguments from counsel on appellant's motion. The prosecution pointed out that defendant had a pending case in juvenile court for theft of a chainsaw and had benefited from the juvenile system on at least one previous occasion. The court expressed its concern with the fact that although a juvenile court has jurisdiction over those presently 18 years old who committed offenses while a juvenile, it may only sentence them to one year probation and may not commit them to the Division of Youth Services. Ark. Stat. Ann. § 45-406.1 (Supp. 1985).

The primary complaint of appellant is that the trial court failed to state the rationale for its decision so that it would be possible to determine whether it properly exercised its discretion according to the statute. Appellant also contends that it was error for the court to consider the unresolved juvenile petition against appellant because the statute only allows consideration of adjudicated offenses. He further asserts that no inquiry was made into other factors such as social history, maturity, or amenability to

rehabilitation.

Appellant had two pending charges of theft that, while not adjudicated offenses under subsection (a) of the statute, could be indications of appellant's character, prior history and prospects for rehabilitation under subsection (c). The fact that appellant would not have been subject to any kind of commitment in a juvenile proceeding because of his age is a legitimate consideration relevant to the question of rehabilitation, since a court could find that probation would not be a significant enough consequence of appellant's conduct to impress upon him the seriousness of the offense. Any complaint that appellant has concerning what the trial court failed to consider, is weakened by the fact that these factors should have been brought to the court's attention at the hearing when the court asked the parties to make further arguments on the motion.

Although it would be preferable for a trial court judge to state the reasons for his decision, there is no statutory requirement that he do so. The statute and the required considerations were brought to the attention of the court in appellant's motion and arguments were made at the hearing as to how these factors applied. In light of all these considerations, we find no abuse of discretion by the trial court.

Appellant also contends that the evidence corroborating the accomplices' testimony was insufficient as a matter of law. Much of the testimony against appellant was by his alleged accomplices in the crime. The primary source of corroborating evidence was the testimony of Lieutenant Bill Bruegel, who assisted in the investigation. He testified that appellant told him in an unrecorded conversation in reference to a list of items taken from the truck: "We didn't take all that stuff. All we got was the packet of tools and air hose." Bruegel also stated that appellant told him that, "We didn't break into anything, the toolboxes was unlocked and the truck was unlocked."

Where the state relies on testimony from accomplices, that testimony must be corroborated by other evidence which tends to connect the accused with the commission of the offense. Ark. Stat. Ann. § 43-2116 (Repl. 1977). The evidence does not have to be sufficient to sustain the conviction but it must, independent from the testimony of accomplices, tend to a

substantial degree to connect the defendant with the commission of the crime. *King* v. *State*, 254 Ark. 509, 494 S.W.2d 476 (1973), *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982). In *Price* v. *State*, 267 Ark. 1172, 599 S.W.2d 394 (1980), the court of appeals stated that the corroboration required is "only that which tends in 'some degree' to connect the accused with the crime." *See Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978). The testimony of the officer sufficiently connected appellant with the offense.

Appellant next argues that the trial court erred in refusing to instruct the jury that evidence of other crimes should not be considered in sentencing. Appellant cites no authority for such an instruction and the Arkansas Model Criminal Instructions have no such instruction. The trial court did instruct the jury that evidence of other crimes is only to be considered as going to the proof of motive, opportunity, intent, preparation, manner, knowledge or indentity or absence of mistake or accident and not for the purpose of proving the guilt or innocence of the defendant of the crime charged.

The test to be applied in a criminal case when an instruction is refused is: "[d]oes the ommission infect the entire trial so that the resulting conviction violates due process?" *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980); *Henderson* v. *Kibbe*, 431 U.S. 145 (1977). The burden of showing prejudice is much heavier when an instruction is omitted than when an erroneous instruction is given. Though the instruction requested is an accurate statement of the law, the contents of the instruction were adequately covered in the instruction that was given by the court and could have been further argued by counsel in his statements to the jury.

The appellant finally contends that the court erred in receiving and considering a presentence report prepared pursuant to Ark. Stat. Ann. § 43-2342 (Supp. 1985), and that the court erred in imposing a prison term without findings of fact and conclusions of law in conformity with this statute.

We find no abuse of discretion and that the trial court acted properly. Clearly, the statute does not require a trial judge to issue findings of facts and conclusions of law. Likewise, we find the record does not support the appellant's statement that the

trial judge merely rubber-stamped the jury's recommendation. To the contrary, the court directed counsel, the probation officer, and other persons having knowledge relative to sentencing to submit written reports to the court. Subsequent thereto the court set a hearing date at which time a hearing was held and the appellant sentenced. No error was committed.

Reversed and remanded.

PURTLE, J., not participating.