## Ronnie MIDGETT *v.* ARKANSAS DEPARTMENT OF HUMAN SERVICES

89-307                                                                785 S.W.2d 21

### Supreme Court of Arkansas
### Opinion delivered March 5, 1990

*Ed Phillips*, Inmate Att'y, and *Marceliers Hewett*, Compliance Att'y, Ark. Dep't of Correction, for appellant.

*James E. Dickson*, Ark. Dep't of Human Services, for appellee.

DAVID NEWBERN, Justice. Ronnie Midgett appeals from the decision of the probate court by which his parental rights were terminated and the appellee, Arkansas Department of Human Services (DHS), was appointed guardian of his three children with the power to consent to adoption. The sole issue raised is whether DHS complied with a statutory requirement to provide remedial support services designed to reunite the child and the

parents before seeking to establish grounds for the guardianship. The trial court found that DHS had made reasonable efforts to deliver "applicable available services" to the family. We agree that compliance with the statute was had and affirm.

Testimony of DHS caseworker Suzann Henry showed that the Midgett family began receiving services from the agency in 1977. In that year one of the children was placed in foster care as a result of having been abused. The child was later returned to the family, and services continued. A second child was placed in foster care in 1978 where he remained over two years. The mother left the home in 1980 because of abuse administered by Ronnie Midgett. DHS lost contact with the case while the family was in Texas, but it was known that a Texas agency placed one of the children with an aunt while the family was there after placing him in foster care twice as the result of physical abuse. Contact was regained in 1986 when the family returned to Craighead County.

In January, 1986, a protective services case was reopened on the family due to a report of child abuse. At that point the family consisted of Ronnie Midgett and his four children. The mother continued to live away from the home. She received services from DHS, or was offered them, up until the time of the hearing in this matter.

Ronnie Midgett was convicted of first degree murder of his eight-year-old son as the result of a brutal beating which occurred in May, 1986. We affirmed the conviction after modifying it to second degree murder. *Midgett* v. *State*, 292 Ark. 278, 729 S.W.2d 410 (1987). After his conviction, Midgett was incarcerated. He argues DHS failed to provide family rehabilitative services required by statute while he was in prison.

At the time of the hearing in this matter, the applicable statute provided for establishment of grounds for a guardianship, and in Ark. Code Ann. § 9-9-304(F)(ii) (1987), which has since been repealed, it was further provided:

> However, before grounds may be established under this subdivision, the court must be satisfied that the parents have received for a period of up to six (6) months in the discretion of the court, from the Arkansas Department of Human Services, remedial support services designed to

reunite the child and the parents and that such services have failed to substantially reduce the risk of harm to the child.

■ The statute was not very clear in that one cannot tell whether the discretion of the court was to be applied to the matter of whether the services were to be provided or only to the matter of their duration. In any event, there was no requirement that the services be provided in the six months immediately preceding the guardianship hearing. In *Watson* v. *Dietz*, 288 Ark. 111, 702 S.W.2d 407 (1986), our statement with respect to the requirement was only that, "[t]he services must last six months." In this case, the evidence is sufficient to support not only the trial court's finding that DHS made reasonable attempts to deliver "applicable available services" but that such services were in fact delivered for years.

■ Midgett cites *Santosky* v. *Kramer*, 455 U.S. 745 (1982); *A.B.* v. *Arkansas Social Services*, 273 Ark. 261, 620 S.W.2d 271 (1981); and *Harper* v. *Caskin*, 265 Ark. 558, 580 S.W.2d 176 (1979), for the proposition that the state's burden in showing parents of a child to be unfit is a heavy one which can be met by producing clear and convincing evidence of unfitness. DHS concurs in that statement of the standard to be applied, and it is the one recited by the trial judge. No argument is made, however, that the facts here do not demonstrate unfitness. *Bush* v. *Dietz*, 284 Ark. 191, 680 S.W.2d 704 (1984), is cited, but the maximum effect our decision in that case could have here is its implication that the imprisonment of a convicted murderer is not, standing alone, sufficient to show unfitness. While all parties and courts concerned accept the clear and convincing evidence standard for proof of parental unfitness, no case has been cited applying that standard to a determination whether there has been compliance with § 9-9-304(F)(ii). Such a standard would be inappropriate in view of the statutory language giving the trial court discretion. We hold there was ample evidence of compliance with the statute.

Affirmed.

PRICE, J., not participating.