Robert Christian WALKER v. STATE of Arkansas

90-243 803 S.W.2d 502

Supreme Court of Arkansas
Opinion delivered January 28, 1991
[Supplemental Opinion on Denial of Rehearing March 18, 1991.*]

*Dudley, Newbern, and Corbin, JJ., would grant rehearing.

*Pierce, Stanley & Robinson*, by: *Robert L. Pierce*, for appellant.

*Ron Fields*, Att'y Gen., *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case comes to us on an interlocutory appeal from the trial court's denial of appellant Robert Christian Walker's motion to transfer his case to juvenile court.

We affirm the decision to deny the transfer.

The facts, though sketchy at this initial stage of the criminal process, are gleaned from the criminal information, testimony from appellant's witnesses at the hearing on the motion to transfer held on August 13, 1990, and statements of counsel for appellant and the prosecuting attorney. The criminal information reads:

> Chris Piazza, Prosecuting Attorney of the Sixth Judicial District of Arkansas, in the name, by the authority, and on behalf of the State of Arkansas charges ROBERT CHRISTIAN WALKER a/k/a ROBERT CHRISTOPHE WALKER a/k/a/ CHRIS WALKER with the crime of violating Ark. Code Ann. § 5-10-102 MURDER IN THE FIRST DEGREE committed as follows, to-wit: The said defendant(s), in Pulaski County, on or about June 25, 1990, unlawfully, feloniously, and with a purpose of causing the death of another person, did cause the death of EDWARD C. COOPER by shooting him to death, against the peace and dignity of the State of Arkansas.

The prosecutor fleshed out these facts somewhat by his statement to the court at the hearing:

> . . . we expect to be able to show that while Mr. Walker came to the scene, he took a 22 rifle from another

person, asked to use it, fired once into the pond there, the lake, and then made a statement that he was going to shoot a nigger. And other folks will testify that they heard that. He aimed the rifle and fired, and Mr. Edward C. Cooper fell dead. The State has charged first degree murder under the theory that that was a purposeful act in aiming the weapon.

Mr. Pierce, appellant's defense counsel, responded by saying: "There has been some distorted publicity about who made the statement, how it was made, under what circumstances . . . ." He then emphasized two factors to negate any premeditation on appellant's part. First, the rifle involved was not appellant's rifle and was not brought to the scene by him. Secondly, an investigative report received by Mr. Pierce from the prosecutor showed that the distance from the point where the shot was fired to where Mr. Cooper was standing was 532 feet.

Other essential facts such as the exact location of the incident, the persons present, the time of day, and prior contact between appellant and Mr. Cooper, if any, were not presented to the trial court at the hearing and are not part of the record on review.

In support of his motion, appellant presented the testimony of seven witnesses who testified that he was "an average fourteen-year-old" and was polite, helpful, honest, and a good neighbor. He was further described as "a good kid" who played baseball and liked to fish and who had shown no previous tendency toward violence or racial hatred. Appellant's mother testified that appellant had never made a racial slur and that the family lived in a racially mixed neighborhood. She added that appellant had never owned a gun or gone hunting and that since the incident appellant had been in counseling with a psychologist.

After the testimony from appellant's witnesses and statements by counsel for both sides, the trial judge read the applicable statute, Act 273 of 1989 [Ark. Code Ann. § 9-27-318 (Supp. 1989)], and then said:

All right, counsel, we're acting under 90-27-318 [*sic*] which states that when a case involves a juvenile aged 14 or 15 years at the time the delinquent act occurred, the

Prosecuting Attorney has the discretion to file charges in Circuit Court for an alleged act which constitutes capital murder, murder in the first degree, murder in the second degree, kidnapping, aggravated robbery, or rape. This Court shall hold a hearing within 90 days of the filing of the charges to determine whether to retain jurisdiction of the juvenile in Circuit Court or to waive jurisdiction and transfer the case to Juvenile Court. Then further on down in making the decision to retain jurisdiction or transfer the case, the Court shall consider the following factors. One, the seriousness of the crime and whether violence was employed in the commission of the offense. Two, whether the offense is part of repetitive pattern of adjudicated offenses. Three, prior history, character traits, mental maturity and any other factor which reflects upon the juvenile's prospects for rehabilitation. Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the Court shall enter an order to that effect. That's what we've been doing here this morning, and those are the factors that the Court does consider. Defense has called some good folks to bear upon factors two and three. Counsel, I would agree that any violent death is always tragic and serious. And in commenting upon these factors or making findings upon these factors. I'm seriously limited by the fear of commenting on the evidence which may later come to light in the case. I don't think — I also agree that the case is not simple or straightforward. There are differences between counsel in what exactly happened, but, based upon this statute, 90-27-318 [sic], the factors the Court should consider, the testimony offered at trial here today, the statements of counsel, this Court feels by clear and convincing evidence that these facts and circumstances should be determined by a jury and not by juvenile. Your Motion to Transfer is hereby denied.

Act 273 controls the procedure in juvenile transfer cases. It reads in pertinent part:

. . . .

(b)(1) When a case involves a juvenile age fourteen (14) years or fifteen (15) years at the time the alleged delinquent act occurred, the prosecuting attorney has the discretion to file charges in circuit court for an alleged act which constitutes capital murder, murder in the first degree, murder in the second degree, kidnapping in the first degree, aggravated robbery, or rape.

(2) The circuit court shall hold a hearing within ninety (90) days of the filing of charges to determine whether to retain jurisdiction of the juvenile in circuit court or to waive jurisdiction and transfer the case to juvenile court.

. . . .

(d) Upon the motion of the court or of any party, the judge of the court in which a delinquent petition or criminal charges have been filed shall conduct a hearing to determine whether to retain jurisdiction or to transfer the case to another court having jurisdiction.

(e) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character, traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

(f) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

. . . .

In most significant respects, Act 273 is a combination of two previous Arkansas statutes which were repealed with the adoption of Act 273 in 1989. *See* Ark. Stat. Ann. §§ 41-617 and 45-420 (Supp. 1985). One important addition incorporated into Act 273 by the Arkansas General Assembly was the requirement that a finding to retain a juvenile in circuit court be based upon clear and convincing evidence.

Appellant first asserts on appeal that though he filed the motion to transfer the case to juvenile court, the prosecutor had the burden of proving that the case should remain in circuit court. He focuses particularly on paragraph (f) of Act 273 which requires that a trial court's finding to retain jurisdiction be by clear and convincing evidence. Appellant argues that because the prosecutor filed the charge against him in circuit court and resisted the transfer, he had the burden of proving to the trial court that appellant should be tried as an adult. But the statute does not say that. Rather, the statute says the finding by the court to try a juvenile as an adult must be by clear and convincing evidence. It is silent on which party has the burden of proof.

We think the better rule is that the moving party seeking to transfer a defendant from one jurisdiction to another has the burden of justifying that transfer by proof and persuasion. That certainly comports with the general proposition in law that the party seeking to establish a proposition has the burden of proving it. *Edwin F. Armstrong & Co.* v. *Ben Pearson, Inc.*, 294 F. Supp. 163 (D.C. Ark. 1968), *aff'd Leisure Group, Inc.* v. *Edwin F. Armstrong & Co.*, 404 F.2d 610 (8th Cir. 1968). Other jurisdictions have so held in juvenile transfer cases. In 1990 the Superior Court of Pennsylvania held in a murder case that to effectuate a transfer of a juvenile to juvenile court, the juvenile offender had to present proof to show that he met the criteria for transfer. *Commonwealth* v. *Leatherbury*, 568 A.2d 1313 (Pa. Super. 1990); see also *H.W.* v. *State*, 759 P.2d 214 (Okla. Crim. App. 1988) (statute held constitutional which shifted burden of proof to juvenile to justify transfer).

■ Our conclusion that appellant had the burden of offering proof and persuading the trial court on his motion is not

inconsistent with the statutory mandate that a trial court reject a transfer to juvenile court only upon a finding of clear and convincing evidence. Appellant still has the burden of going forward with proof to show he meets the criteria of the statute to warrant transfer. If he meets that burden, the transfer is made. Under Act 273 he only fails if there is clear and convincing countervailing evidence to support a finding that the juvenile should remain in circuit court.

 In this case the trial court found there was countervailing evidence which was clear and convincing. We have defined clear and convincing evidence as "that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to be established." *Kelly* v. *Kelly*, 264 Ark. 865, 870, 575 S.W.2d 672, 676 (1979). However, as appellant underscores, no direct testimony or other evidence was presented by the prosecutor to support retention of appellant in circuit court. All that was before the trial court in the way of evidence to warrant retention was the criminal information which was part of the court's record in this case and which, therefore, was subject to judicial notice by the trial court. A.R.E. Rule 201(b). Oral statements and arguments by counsel do not qualify as evidence for purposes of the trial court's finding. The criminal information does qualify as evidence to be considered by the trial judge. What the criminal information evidences is that a charge of first degree murder has been filed by the prosecutor against appellant. The criminal information itself, of course, is not evidence of the fact that the crime charged was actually committed.

There is, admittedly, a paucity of evidence supporting the trial court's finding of clear and convincing evidence. Nevertheless, there is some evidence in the form of the criminal information which highlights the seriousness of the offense and the fact that violence was used which are factors to be considered in the trial court's decision. Ark. Code Ann. § 9-27-318(e)(1). There is no question but that the trial judge gave considerable weight to the seriousness of the offense and the violence alleged in his decision. Indeed, he says so: "Counsel, I would agree that any violent death is always tragic and serious."

 We have previously held that abuse of discretion is the standard for review of the trial court's decision in juvenile

transfer cases. *Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986); *Evans* v. *State*, 287 Ark. 136, 697 S.W.2d 879 (1985). In examining discretionary decisions we have further stated: ". . . the question is not what we would have done, but whether, as a matter of law, discretion was abused — was the judgment call arbitrary or groundless?" *Looper* v. *Madison Guaranty Savings & Loan Ass'n*, 292 Ark. 225, 228, 729 S.W.2d 156, 157 (1987). We are not prepared to say that the trial court's decision was groundless in this case or that he abused his discretion.

■ Nor do we agree with appellant's argument that the trial judge failed to consider all of the factors set out in Act 273. On the contrary, the trial judge says he did: "That's what we've been doing here this morning, and those are the factors that the court does consider." There is nothing in the record to suggest the trial court did anything other than carefully consider the criminal information and testimony of appellant's witnesses in making his decision. To the extent appellant is arguing that the trial judge should have given equal weight to each factor in this case under Act 273, we have previously held that the court need not give equal weight to each factor in juvenile transfer cases and, further, that proof need not be introduced by the prosecutor against the juvenile on each factor. *Hallman* v. *State*, 288 Ark. 448, 706 S.W.2d 381 (1986); *Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986).

■ Further error is assigned by appellant to the trial court's failure to make findings of fact supporting his decision or to cite a specific rationale for refusing the transfer. Again, prior holdings in juvenile transfer cases militate against that requirement, and we are not convinced that a reversal of these cases is warranted. *See Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986); *Evans* v. *State*, 287 Ark. 136, 697 S.W.2d 879 (1985). As we said in *Evans*:

> Although it would be preferable for a trial court judge to state the reasons for his decision, there is no statutory requirement that he do so.

287 Ark. at 143, 697 S.W.2d at 883.

■ In sum, the trial court found that the seriousness of the crime and the violence attached to it as set out in the criminal

information outweighed the other Act 273 factors such as lack of repetitive pattern and positive character traits which were proven by appellant at the hearing. While it might have been desirable and even preferable for the prosecutor to present additional evidence at the hearing to support retaining appellant in circuit court, we hold that the criminal information provided a sufficient basis for the trial court's decision.

Affirmed.

DUDLEY, NEWBERN AND CORBIN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. Two of the court's conclusions trouble me. I question whether the general assembly intended that the burden of proof be on the juvenile as the moving party and whether the "clear and convincing evidence" required to retain the case in circuit court can be achieved when the state offers nothing other than the charge.

### 1. The burden of proof

The majority opinion is correct in asserting that Act 273 of 1989 draws upon prior statutes, Ark. Stat. Ann. § 41-617 (Supp. 1985) and Ark. Stat. Ann. § 45-420 (Supp. 1985). The change, however, is a little more significant than that suggested by the majority.

Section 45-420 set out the criteria for transfer of cases from juvenile to circuit court proceedings and vice versa. The criteria are the same as those contained in Act 273. Subsection (f) of Act 273, however, is an entirely new provision. It is as follows: "Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect." Unlike the old law, the decision to be reached is not whether there is to be a "transfer to another court having jurisdiction," § 45-420; the decision to be reached is whether there is "clear and convincing evidence that a juvenile should be tried as an adult." The reference to "clear and convincing evidence" is thus not the only new aspect of the law. After the prosecutor has exercised his discretion to charge the juvenile in the circuit court, the court must decide "by clear and convincing evidence that a juvenile *should be tried as an adult*." (Emphasis supplied.)

The new statutory language suggests the burden is on the

state. If the juvenile has moved to transfer the case to juvenile court, only one party will be offering evidence "that a juvenile should be tried as an adult," and that is the state.

The court in *Commonwealth* v. *Leatherbury*, 568 A.2d 1313 (Pa. Super 1990), was not free to decide the burden of proof issue because a Pennsylvania statute, 42 Pa.C.S.A. § 6322(a) specifically provided in relevant part:

> "In determining whether to transfer a case charging murder, the court shall apply the criteria in section 6355(a)(4)(iii)(A) (relating to transfer to criminal proceedings). However, the child shall be required to show the court that the child is amenable to treatment, supervision or rehabilitation as a juvenile by meeting the criteria listed in section 6355(a)(4)(iii)(A)."

The case was one in which murder was charged, and thus the burden of proof was clearly established by the statute. The case thus presents no useful authority in a jurisdiction like Arkansas where there is no such provision.

The same is true of *H.W.* v. *State*, 759 P.2d 214 (Okl.Cr. 1988). There, the juvenile was charged as an adult with three counts of murder, and she sought certification as a child in accordance with 10 O.S.Supp.1986, § 1104.2. Subsection A. of that section of the Oklahoma Statutes provides that a person 16 or 17 years old charged with murder "shall be considered as an adult." The juvenile then may, under subsection C. of that section of the statute move for certification as a child. Thus, it is clear that the decision the Oklahoma judge must make is the mirror image of that of a judge under our statute. The Oklahoma judge must decide that the juvenile should be tried as a juvenile, rather than that the juvenile will be tried as an adult.

## 2. The state's evidence

If the court can rely on nothing but the charge and decide that a juvenile is to be tried as an adult in any case in which a serious offense is alleged, then there is no need for the other criteria. If the Arkansas General Assembly had intended that the court have the power to try a juvenile as an adult anytime a serious offense involving violence was alleged, it would have said so. Instead, it set out the three criteria quoted in the majority

opinion. By creating the "clear and convincing evidence" standard as the basis for finding that a juvenile should be tried as an adult, the Arkansas General Assembly must have contemplated evidence in excess of the charge. While it is true that the charge is "evidence," I cannot elevate it to "clear and convincing evidence."

Except for the charge or information, all of the evidence in this case with respect to the statutory criteria was on the other side.

Because this is our first opportunity to consider this issue, I would not simply reverse and remand this case for trial in the juvenile court. I would remand it to the trial court for rehearing in order to permit the state an opportunity to present "clear and convincing evidence that a juvenile should be tried as an adult."

I respectfully dissent.

DUDLEY AND CORBIN, JJ., join in this dissent.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### MARCH 18, 1991

805 S.W.2d 80

*Pierce Stanley & Robinson*, by: *Robert L. Pierce*, for petitioner.

*Ron Fields*, Att'y Gen., *C. Kent Jolliff*, Asst. Att't Gen., for respondent.

ROBERT L. BROWN, Justice. Petitioner Robert Christian Walker prays for rehearing and urges further consideration of two subsections of the Arkansas Juvenile Code — Act 273 of 1989:

> (b)(1) When a case involves a juvenile age fourteen (14) years or fifteen (15) years at the time the alleged delinquent act occurred, the prosecuting attorney has the discretion to file charges in circuit court for an alleged act which constitutes capital murder, murder in the first degree, murder in the second degree, kidnapping in the first degree, aggravated robbery, or rape.

> (2) The circuit court shall hold a hearing within ninety (90) days of the filing of charges to determine whether to retain jurisdiction of the juvenile in circuit court or to waive jurisdiction and transfer the case to juvenile court.

> . . .

> (d) Upon the motion of the court or of any party, the judge of the court in which a delinquency petition or criminal charges have been filed shall conduct a hearing to determine whether to retain jurisdiction or to transfer the case to another court having jurisdiction.

Ark. Code Ann. §§ 9-27-318(b), (d) (Supp. 1989).

Where fourteen and fifteen year olds are involved and where serious charges have been filed, as defined, a hearing must be held within ninety days under subsection (b)(2). This subsection only deals with the time frame of the hearing and the fact that a hearing is required for this age group. The subsection is silent on how to commence the hearing process.

Subsection (d), however, explains that the process is commenced on motion of either party or motion of the court. When counsel for petitioner filed his motion in circuit court to determine jurisdiction and the property of transfer, he did so under the authority of this section. It is conceivable that counsel for a fourteen-year-old client will not file a motion — it is not mandatory under subsection (d) — in which case the court would commence the hearing within ninety days on his own motion.

■ A moving party has the burden of going forward with proof to support his motion. If his motion is substantive such as moving for the transfer of a case to juvenile court, it is incumbent upon the moving party to present proof in support of that motion.

■ Irrespective of whether a motion is filed or whether the prosecutor or defense attorney has the burden of proof, the crux of a juvenile transfer case is the finding made by the trial court:

> (f) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

Ark. Code Ann. § 9-27-318(f) (Supp. 1989). A moving party's burden of proof is separate and apart from the standard of clear and convincing evidence which the trial court must find. Which party has the burden of proof, in and of itself, does not determine whether the trial court will find that clear and convincing evidence exists. The ultimate issue under the statute is not who has the burden of proof or who must meet that burden of proof. Indeed, the statute is silent on this point. The issue, rather, is whether the trial court finds clear and convincing evidence.

Petitioner called seven witnesses to support the positive factors under Ark. Code Ann. § 9-27-318(e) (Supp. 1989). The prosecutor's countervailing proof was the information itself which was evidence that a charge had been filed which accused the petitioner of committing a serious offense and using violence in the process. The trial court found the information sufficient to meet the arduous standard of clear and convincing evidence. We affirmed the trial court's decision.

█ This does not mean that the mere filing of an information will qualify as sufficient evidence in every instance. Allegations in the information will vary based on the offense charged as will the positive factors presented at hearing in support of the transfer.

We have held in previous juvenile transfer cases that the standard of review for this court is abuse of discretion. See Asking v. State, 288 Ark. 75, 702 S.W.2d 20 (1986); Evans v. State, 287 Ark. 136, 697 S.W.2d 879 (1985). We affirmed that standard in our previous decision in this case. See Walker v. State, 304 Ark. 393, 797 S.W.2d 442 (1991). We were incorrect, however, in affirming abuse of discretion as the standard for juvenile transfer appeals, because Act 273 of 1989 changed the law and now requires the trial court to support a juvenile transfer decision by a finding of clear and convincing evidence. See Ark. Code Ann. § 9-27-318(f) (Supp. 1989). The circuit judge made such a finding in this case. Findings of fact by a trial court will not be set aside unless clearly erroneous. ARCP Rule 52(a) (1990). We are not prepared to say that the judge's finding of clear and convincing evidence was clearly against the preponderance of the evidence.

For the foregoing reasons the petition for rehearing is denied.

Petition denied.

DUDLEY, NEWBERN, CORBIN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The petition for rehearing in this case makes it clear that the Court's original

opinion unduly emphasized the "moving party" rationale. The statute requires a hearing to determine whether there is "clear and convincing evidence that a juvenile should be tried as an adult" even if there is no "moving party." Again the Court ignores the import of the words "should be tried as an adult" which explains the issue to be decided. Again I contend those words show the General Assembly's intent that the State have the burden. That becomes even clearer in light of a point made in Walker's petition for rehearing that henceforth a juvenile will simply make no motion for transfer and await a hearing instigated by the State or a judge. How will this Court then handle its decision that the "moving party" has the burden of proof on the issue?

Assuming the matter is disputed, surely the State will take the affirmative on the statutory proposition that the juvenile "should be tried as an adult." Additionally, if we are to use a "moving party" rationale, we should recognize that the State, by filing the case in the Circuit Court is the party "moving" that the juvenile be tried as an adult.

Now that we have recognized that the standard of review is not whether the trial judge abused his discretion, it should be clearer that some facts other than the charge are to be presented in support of a ruling that a juvenile "should be tried as an adult." The cases cited in the Court's original opinion in support of the "abuse of discretion" standard of review were ones decided before the adoption of Act 273 of 1989 containing the language setting the issue to be decided as whether there is "clear and convincing evidence that a juvenile should be tried as an adult." In *Midgett* v. *Arkansas Dept. of Human Services*, 301 Ark. 491, 785 S.W.2d 21 (1990), we pointed out that where an issue was one a trial court could decide in its discretion, a "clear and convincing evidence" standard would be "inappropriate."

When a chancellor or a judge sitting without a jury is to determine facts by clear and convincing evidence, the standard of review is whether the trial court's decision was clearly erroneous. *Gibson* v. *Boling*, 274 Ark. 53, 622 S.W.2d 180 (1981); *Superior Improvement Co.* v. *Mastic Corp.*, 270 Ark. 471, 604 S.W.2d 950 (1980).

The issue whether a juvenile "should be tried as an adult" is not "factual" in isolation, and yet by setting forth the factual criteria for making that determination and by adding the "clear and convincing evidence" standard, the General Assembly has made the ultimate decision one which is to be based on facts rather than judicial discretion. The majority opinion on denial of rehearing acknowledges the standard of review to be whether the judge's decision was clearly erroneous or clearly against the preponderance of the evidence, citing Ark. R. Civ. P. 52(a).

Rule 52(a) provides, in pertinent part, "Findings of fact . . . shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence) . . . ." Where are the *facts* bearing on the statutory criteria for finding by "clear and convincing evidence that [the] juvenile should be tried as an adult?" Here are the criteria stated in Ark. Code Ann. § 9-27-318(e) (Repl. 1991):

> In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:
>
> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense.
>
> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and
>
> (3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Nothing, other than the charge, was presented by the State. As was pointed out in our earlier opinions, there was considerable testimony presented by the juvenile on various aspects of factors (2) and (3), all of it favorable to the juvenile.

In *First National Bank* v. *Rush*, 30 Ark. App. 272, 785 S.W.2d 474 (1990), our Court of Appeals recited this definition:

> Clear and convincing evidence is evidence by a credible witness whose memory of the facts about which he testified is distinct, whose narration of the details is exact and in due order, and whose testimony is so direct, weighty, and convincing as to enable the factfinder to come to a clear conviction, without hesitance, of the truth of the facts related. It is simply that degree of proof that will produce in the trier of fact a firm conviction of the allegations sought to be established.

While our job is not to determine on appeal whether there was clear and convincing evidence or whether the trial court abused its discretion we must decide whether the trial court clearly erred in making the determination. If the determination was not clearly erroneous when all the evidence but for the charge was on the side of trying the juvenile as a juvenile, then how could we ever hold a decision that a juvenile, charged in Circuit Court, should be tried as such is clearly erroneous? If we can never make such a decision, then why did the General Assembly not simply require that any juvenile charged with a serious offense be tried as an adult?

It was clearly erroneous for the trial court to determine that Walker should be tried as an adult based solely on the charge. But for the charge filed by the State, all evidence was contrary to the trial court's holding. This decision means that any time a serious charge is filed against a juvenile, the court may, without more, and in spite of the statutory criteria for making the decision, decide to try the juvenile as an adult. The General Assembly has recognized that juveniles are to be treated differently unless they fit certain criteria. All we know about the juvenile in question here is that there was strong evidence that nearly all of the statutory criteria were met by him, and yet we affirm the trial court's decision to try him as an adult solely because he is alleged to have committed a serious offense. We allow the State to shirk its responsibility to present evidence because of a "moving party" rationale which counsel for juveniles will be able to manipulate by simply making no motion to transfer. In the next case that comes to us on this issue, the State or the judge will have called for the

hearing, and the juvenile will be able to sit tight until the State has presented "clear and convincing evidence that the juvenile should be tried as an adult." It is unfair to treat the juvenile in this case differently.

This case should be remanded and the State given an opportunity to present "clear and convincing evidence that the juvenile should be tried as an adult."

I respectfully dissent.

DUDLEY and CORBIN, JJ., join in this dissent.