Cite as 2024 Ark. 132

# SUPREME COURT OF ARKANSAS

**No.** CR-23-718

| | | |
|---|---|---|
| JOHN LEE WEEKS | APPELLANT | **Opinion Delivered:** Click or tap to enter a date. |
| V. | | PRO SE APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-83-315] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BRAD KARREN, JUDGE |
| | | <u>AFFIRMED</u>. |

**CODY HILAND, Associate Justice**

Appellant John Lee Weeks appeals from the circuit court's denial of his pro se petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111(a) (Repl. 2016). Weeks alleges that his sentence was illegal because the trial court lacked jurisdiction to sentence him as an adult in circuit court because he was never provided a juvenile-transfer hearing despite being sixteen when he committed the crime. The circuit court denied and dismissed the petition. We affirm.

## I. *Background*

Weeks pleaded guilty to rape in October 1983 and was sentenced to ten years' imprisonment. It appears from the record that Weeks became parole-eligible on April 19, 1986. Weeks argues that this prior, allegedly void, conviction resulted in a subsequent

sentence enhancement for an undisclosed crime that was committed in Kansas, where he is currently incarcerated.

## II. *Standard of Review*

The trial court's decision to deny relief pursuant to section 16–90–111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16–90–111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Arkansas Code Annotated Section 16-90-111*

Arkansas Code Annotated section 16–90–111(a)[1] provides authority to a trial court to correct an illegal sentence at any time. *Woodruff v. State*, 2024 Ark. 8, 682 S.W.3d 662. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face.

While a trial court may correct an illegal sentence at any time, a sentence that is imposed in an illegal manner may be corrected within 120 days of the judgment. *Davis v. State*, 291 Ark. 191, 723 S.W.2d 366 (1987). The trial court has subject-matter jurisdiction

---

[1]In 1983, Arkansas Code Annotated section 16-90-111(a) was codified at Arkansas Statutes Annotated section 43-2314 (Supp. 1983). Pursuant to section 43-2314, a petition to correct an illegal sentence could be corrected at any time if the sentence was shown to be illegal on its face. *Williams v. State*, 291 Ark. 255, 724 S.W.2d 158 (1987).

to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the trial court or, as a consequence, the facial validity of the judgment. *Hall v. State*, 2022 Ark. 16, 638 S.W.3d 270. Arkansas Statutes Annotated section 41-617 (Supp. 1983) "gives concurrent jurisdiction to circuit courts and juvenile courts where the defendant was 15 to 17 years of age at the time of the . . . offense and gives the circuit court the power to enter an order waiving jurisdiction in favor of a juvenile court." *Evans v. State*, 287 Ark. 136, 141, 697 S.W.2d 879, 882 (1985) (superseded by statute as stated in *Walker v. State*, 304 Ark. 393, 402-D, 805 S.W.2d 80, 82 (1991) (supplemental opinion on denial of rehearing)).

IV.  *Claim for Relief*

On appeal, Weeks alleges that his sentence is illegal because the trial court failed to follow the procedures outlined by Act 451 of 1975, codified at Arkansas Statutes Annotated section 45-420 (Supp. 1983), that governed the criteria for the transfer of cases to juvenile court. Weeks alleges that the trial court's failure to conduct a transfer hearing deprived it of jurisdiction to accept his guilty plea and sentence him for rape. Weeks is mistaken. Weeks does not challenge the legality of his ten-year sentence because the sentence is well below the maximum penalty for the crime. Rape, as defined in section 41−1803 (Supp. 1983), is a class Y felony that carries a maximum sentence of a term of life imprisonment or a term of ten to forty years' imprisonment. *See* Ark. Stat. Ann. § 41-901(1)(a) (Supp.1983); *Scott v. State*, 284 Ark. 388, 681 S.W.2d 915 (1985).

Weeks's challenge to the trial court's jurisdiction is equally unavailing. Arkansas Statutes Annotated section 41-617(2) (Supp. 1983) states in pertinent part that if a person was at least fifteen years old but less than eighteen years old when the offense was committed,

3

the person "may be charged in either circuit, municipal, or juvenile court." On the other hand, section 41-417(1) states that the juvenile court has exclusive jurisdiction only when an offender is fourteen years or younger. This court has explained that section 41–617(2) gives concurrent jurisdiction to circuit courts and juvenile courts if the defendant was fifteen to seventeen years of age at the time of the offense.[2] Furthermore, this court has held that the failure to hold a juvenile-transfer hearing does not render a conviction void. *See Morgan v. State*, 2011 Ark. 377 (per curiam). Because the record reveals that Weeks was sixteen— almost seventeen—when he committed rape, jurisdiction was established when the criminal charges were filed in the circuit court. *Rueda v. State*, 2012 Ark. 144, 400 S.W.3d 226.

Weeks failed to provide sufficient allegations that his sentence was either illegal on its face or imposed in an illegal manner. When Weeks was convicted in 1983, the statutory time limitation required that he bring such a claim within 120 days following the judgment. *See* Ark. Stat. Ann. § 43-2314. Instead, Weeks waited more than thirty-eight years. Accordingly, because Weeks's petition is barred as untimely, the circuit court did not clearly err in denying the petition.

Affirmed.

WEBB, J., concurs without opinion.

*John Weeks*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[2]*See Evans*, 287 Ark. at 141, 697 S.W.2d at 882; *see also C.H. v. State*, 2010 Ark. 279, 365 S.W.3d 879 (applying Arkansas Code Annotated section 9-27-318 (Repl. 2009), which incorporated provisions from the previous statute governing the jurisdiction of the circuit court when juveniles are fifteen years and older).