Cite as 2025 Ark. 70

# SUPREME COURT OF ARKANSAS

**No.** CR–24–497

| | | |
|---|---|---|
| JOSEPH BIENEMY | | **Opinion Delivered:** May 15, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CR-07-211] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARK PATE, JUDGE |
| | APPELLEE | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Joseph Bienemy appeals the circuit court's denial of his pro se petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111(a) (Repl. 2016). We find no error and affirm.

## I. *Background*

In 2008, a White County jury found Bienemy guilty of capital murder as an accomplice, for which he was sentenced to life imprisonment without the possibility of parole. We affirmed on direct appeal.[1] In February 2024, Bienemy filed the underlying petition in which he claimed that his sentence was illegal on its face. Specifically, he argued that the sentence was illegal because there was no underlying felony attached to the charge of capital murder pursuant to Arkansas Code Annotated section 5-10-101(a)(1) (Repl. 2006).

---

[1]*Bienemy v. State*, 374 Ark. 232, 233, 287 S.W.3d 551, 552 (2008).

## II. *Standard of Review*

We will not overturn a circuit court's decision to deny relief under section 16-90-111 unless that decision is clearly erroneous.[2] A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made.[3]

## III. *Arkansas Code Annotated Section 16-90-111*

Arkansas Code Annotated section 16-90-111 gives the circuit court authority to correct an illegal sentence at any time.[4] A sentence is illegal on its face if it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction.[5] Sentencing is entirely a matter of statute in Arkansas.[6] A petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that the sentence imposed was illegal.[7] Generally, a sentence imposed within the maximum term prescribed by law is not illegal on its face.[8]

---

[2] *Weeks v. State*, 2024 Ark. 132, at 2.

[3] *Id.*

[4] *Woodruff v. State*, 2024 Ark. 13, at 2, 682 S.W.3d 662, 664.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

## IV. *Claim for Relief*

Bienemy was convicted of capital murder, not capital felony murder. Capital murder is punishable by death or life imprisonment without parole.[9] Bienemy was sentenced to life imprisonment without parole. Consequently, Bienemy has not met his burden of demonstrating that his sentence was illegal on its face.[10]

The State notes that a claim for relief based on the assertion that the sentence was imposed in an illegal manner must be brought within the time limits set out in Arkansas Rule of Criminal Procedure 37.2(c), which superseded the time limitations for filing a petition under section 16-90-111(a) & (b)(1).[11] The State argues that, to the extent Bienemy claims that the sentencing order should have listed an underlying felony, the allegation constituted a claim that the sentence was imposed in an illegal manner, and accordingly, the claim is governed by the time limitations in Rule 37.2(c).

Although the State is correct that Bienemy would be entitled to no relief under Rule 37.2(c), Bienemy clearly argues that the sentence imposed was illegal on its face, not illegally imposed. Nevertheless, Bienemy has failed to demonstrate that his sentence was illegal on its face, so we affirm the circuit court's denial of his petition.

Affirmed.

*Joseph Bienemy*, pro se appellant.
*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

---

[9] Ark. Code Ann. § 5-10-101(c)(1)(ii).

[10] *Woodruff*, 2024 Ark. 13, at 2, 682 S.W.3d at 664.

[11] *Green v. State*, 2021 Ark. 19, at 3, 615 S.W.3d 389, 392.