SLIP OPINION

Cite as 2017 Ark. App. 392

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-16-852

| | |
|---|---|
| | **Opinion Delivered** June 21, 2017 |
| FREDRICK LEON WILSON | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| APPELLANT | [NO. 60CR-14-3266] |
| V. | |
| STATE OF ARKANSAS | HONORABLE HERBERT WRIGHT, JUDGE |
| APPELLEE | |
| | REMANDED FOR SUPPLEMENTATION OF THE RECORD AND REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## DAVID M. GLOVER, Judge

Fredrick Leon Wilson was tried by a jury and found guilty of the offense of sexual assault in the second degree. He was sentenced to 144 months in the Arkansas Department of Correction, and a notice of appeal was timely filed. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Wilson's counsel has filed a motion to withdraw, accompanied by an abstract, addendum, and brief, purporting to set forth all adverse rulings in this case and contending that there are no meritorious grounds for appeal. The clerk of our court mailed a certified copy of counsel's motion and brief to Wilson in accordance with Supreme Court Rule 4-3(k)(2), informing him of his right to file pro se points for reversal. Wilson filed no points. We deny the motion to withdraw and remand the case for supplementation of the record

and rebriefing because the requirements of *Anders*, *supra*, and Rule 4-3(k) have not been satisfied.

An attorney attempting to withdraw from a criminal appeal must list every adverse ruling and explain how each ruling could provide no meritorious ground for reversal. *Weaver v. State*, 2013 Ark. App. 310. Even a single omission from a no-merit brief necessarily requires rebriefing. *Id*.

Here, counsel's presentation of the adverse rulings he addressed was exemplary. However, the record reveals several unabstracted pretrial motions that apparently were addressed in an omnibus hearing, but the omnibus hearing was not included in the record and, consequently, not abstracted or addressed in the brief. We have no way of knowing if the motions were decided in Wilson's favor or adversely to him. Without the full presentation and discussion of the rulings on these motions, we are unable to determine if an appeal in this case would be wholly without merit.

Counsel is directed to supplement the record within fifteen days from the date of this opinion, and file a substituted abstract, brief, and addendum within fifteen days thereafter. In addition, we always encourage counsel to carefully review the rules and *Anders*, *supra*, to ensure that no other deficiencies exist.

Remanded for supplementation of the record and rebriefing ordered; motion to withdraw denied.

ABRAMSON and GLADWIN, JJ., agree.

*Robert M. "Robby" Golder*, for appellant.

No response.