

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-16-852

| | |
|---|---|
| | **Opinion Delivered:** November 29, 2017 |
| FREDRICK LEON WILSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. 60CR-14-3266]<br><br>HONORABLE HERBERT THOMAS WRIGHT, JUDGE<br><br>MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## DAVID M. GLOVER, Judge

Fredrick Leon Wilson was convicted by a Pulaski County jury of one count of sexual assault in the second degree and sentenced to 144 months in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Supreme Court and Court of Appeals, Wilson's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit.[1] The motion is accompanied by an abstract and addendum of the proceedings below, which purportedly addresses all objections and motions decided adversely to Wilson, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided Wilson with a copy of his counsel's brief and notified him of

---

[1]In *Wilson v. State*, 2017 Ark. App. 392, our court remanded this case for supplementation of the record with the omnibus hearing, ordered rebriefing, and denied counsel's motion to withdraw. Counsel supplemented the record with the omnibus hearing, and he received permission from our court to stand on his original brief.

his right to file a pro se statement of points for reversal, but he submitted no points. Though we commend counsel's good work, we must deny counsel's motion to withdraw and order rebriefing because certain requirements of *Anders* and Rule 4–3(k) have not been satisfied as set out below.

An attorney attempting to withdraw from a criminal appeal must list every adverse ruling and explain why each adverse ruling provides no meritorious ground for reversal. *Wilson v. State*, 2017 Ark. App. 392. Even a single omission from a no-merit brief requires rebriefing. *Id.* Again, as noted previously, the manner in which those adverse rulings addressed by counsel were excellent. However, our review of the record indicates several adverse rulings were not addressed. For example, counsel noted two adverse rulings during voir dire but there were three. There were other unaddressed adverse rulings in the testimony of Alja Lane, Raquel Coleman, and Ahkeem Murphy.

For these reasons, counsel's motion to withdraw must be denied. Counsel is directed to file a substituted brief within thirty days from the date of this opinion. Counsel is familiar with the rules and *Anders*, *supra*, and is encouraged to ensure no deficiencies, including but not limited to those listed above, are present.

Motion to withdraw denied; rebriefing ordered.

GLADWIN and HIXSON, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

One brief only.