DAVID M. GLOVER, Judge
Fredrick Leon Wilson was convicted by a Pulaski County Circuit Court jury of one count of sexual assault in the second degree and sentenced to 144 months in the Arkansas Department of Correction. Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k) of the Rules of the Supreme Court and Court of Appeals, Wilson's counsel has filed a motion to withdraw on the ground this appeal is wholly without merit.[1] The motion is *282 accompanied by an abstract and addendum of the proceedings below, addressing all objections and motions decided adversely to Wilson, and a brief in which Wilson's counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided Wilson with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. He has submitted no points. We affirm Wilson's conviction and grant his counsel's motion to withdraw.
Sufficiency of the Evidence
At the close of the State's case, Wilson moved for a directed verdict; he renewed the motion at the close of all the evidence. In his initial motion, Wilson argued the victim, M.L., was lying about what had occurred because she had told different stories about how the sexual contact occurred; the motion was denied. Wilson renewed his motion at the close of all the evidence; that motion was also denied.
A directed-verdict motion is a challenge to the sufficiency of the evidence. Holland v. State , 2017 Ark. App. 49, 510 S.W.3d 311. Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Wells v. State , 2017 Ark. App. 174, 518 S.W.3d 106. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. Id. Circumstantial evidence may constitute substantial evidence to support a conviction if it excludes every other reasonable hypothesis other than the guilt of the accused; that determination is a question of fact for the finder of fact. Holland, supra. On appeal, the evidence is viewed in the light most favorable to the State, and only the evidence supporting the verdict is considered. Wells, supra. Weighing the evidence, reconciling conflicts in testimony, and assessing credibility are all matters exclusively for the trier of fact. Holland, supra.
A person commits sexual assault in the second degree if the person, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years old and not the person's spouse. Ark. Code Ann. § 5-14-125(a)(3) (Repl. 2013). "Sexual contact" is defined as any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(10). "Sexual gratification" is not defined in the statute, but our appellate courts have construed the words in accordance with their reasonable and commonly accepted meanings. Chawangkul v. State , 2016 Ark. App. 599, 509 S.W.3d 10. A sexual-assault victim's testimony may constitute substantial evidence to sustain a conviction for sexual assault. Id. The victim's testimony need not be corroborated; the victim's testimony alone, describing the sexual contact, is enough for a conviction. Id.
Thirteen-year-old M.L. testified that on the day of the incident, Wilson, M.L.'s mother's cousin, was babysitting M.L. and her siblings. She, her brother, her sisters, and Wilson were wrestling and playing the "wedgie" game; Wilson asked *283 her brother and sisters to leave the room; he turned the lights off; and he tried to put his penis in her butt. M.L. stated she was clothed but Wilson pulled her pants and underwear down; his penis was on the outside of his clothes and it was "standing up"; and he put his "wiener" in her butt. On cross-examination, M.L. said she told the prosecutor Wilson had put his penis in her vagina but earlier told the police detective Wilson had put his penis in her butt, not her vagina. M.L. also testified she told her father that Wilson had put his penis inside her, removed it, and rubbed it on her vagina.
Thus, M.L. testified to several different ways the sexual contact had occurred, but they all involved sexual contact, and any discrepancies were to be resolved by the finder of fact. Because M.L.'s testimony, without more, is sufficient to sustain a conviction, the circuit court did not err in denying Wilson's directed-verdict motions.
Other Adverse Rulings
The State made three objections during Wilson's voir dire of potential jurors on the basis Wilson was attempting to "fact qualify" the jury. The circuit court sustained the State's objections. Rule 32.2 of the Arkansas Rules of Criminal Procedure provides that during voir dire, the circuit court may question prospective jurors regarding matters bearing on their qualifications to serve as jurors, as well as permit additional questions it deems reasonable and proper by the defendant or his attorney and the prosecuting attorney. The extent and scope of voir dire is within the sound discretion of the circuit court; any restriction of voir dire examination will not be reversed on appeal unless the circuit court abuses its discretion. Hughes v. State , 98 Ark. App. 375, 255 S.W.3d 891 (2007). With the wide discretion given to the circuit court in conducting voir dire, we cannot say the circuit court abused its discretion.
There were numerous evidentiary rulings adverse to Wilson during the testimony of the witnesses that can be grouped into seven categories: speculation, hearsay, expert-witness testimony, asking leading questions of a young sex-abuse victim, attacking a witness's credibility with specific instances of conduct involving truthfulness, impeaching a witness's testimony with evidence of convictions of crimes, and the circuit court's control over interrogation of witnesses and presentation of evidence in its courtroom. Our court will not reverse a circuit court's evidentiary ruling unless there was an abuse of discretion. Williams v. State , 2012 Ark. App. 447, 2012 WL 3744714.
There were several rulings adverse to Wilson based on objections to speculation. A witness may not testify about an issue unless evidence is introduced to support a finding that he had personal knowledge of the matter. Ark. R. Evid. 602. We have reviewed each adverse ruling involving an objection based on speculation and have determined the circuit court did not abuse its discretion in making those rulings.
There were also several rulings adverse to Wilson based on objections to hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801 (2017). Hearsay is not admissible unless provided for by law or by the Arkansas Rules of Evidence. Ark. R. Evid. 802. Again, having reviewed each ruling, we hold there was no abuse of discretion by the circuit court in any of these hearsay rulings.
There were several rulings adverse to Wilson concerning the manner of the presentation of witness testimony and evidence *284 at trial. Rule 611(a) of the Arkansas Rules of Evidence provides the circuit court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment. The circuit court did not abuse its discretion in making these rulings.
Wilson objected to the testimony of Dr. Zachary Shearer, a physician at Arkansas Children's Hospital (who performed the physical exam of the victim), and Chris Glaze, a forensic DNA examiner at the Arkansas Crime Laboratory, when each witness was asked a hypothetical question during their testimony. Both witnesses were accepted as expert witnesses in their fields. An expert witness may testify in the form of an opinion or otherwise. Ark. R. Evid. 702. The circuit court did not abuse its discretion in allowing both these witnesses to express their opinions.
During M.L.'s testimony, Wilson objected when the State, on redirect examination, questioned her about whether she remembered what had happened to her incorrectly the first time. Defense counsel objected to the prosecutor leading the witness; the circuit court overruled the objection. In sexual-abuse cases involving young victims, it is within the circuit court's discretion to permit leading questions on direct examination if necessary to elicit the truth, and such action will not be reversed absent an abuse of discretion. Hamblin v. State , 268 Ark. 497, 597 S.W.2d 589 (1980). Given the latitude afforded a circuit court in these evidentiary matters, we cannot say the circuit court abused its discretion in allowing the prosecutor to ask the victim leading questions.
During the testimony of Kris Thomas, M.L.'s mother's stepfather, Wilson asked if M.L.'s mother had a reputation for being untruthful. The State objected when Wilson asked Thomas to recount specific instances of M.L.'s mother's untruthfulness based on Rule 608 of the Arkansas Rules of Evidence, and the objection was sustained. Rule 608(b) provides:
Specific instances of conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
Without objection, Wilson asked questions concerning M.L.'s mother's truthfulness or untruthfulness; however, the State objected when Wilson began to ask about specific instances, in contravention of Rule 608(b). There was no abuse of discretion in the circuit court's ruling.
The last adverse ruling occurred when Ahkeem Murphy, M.L.'s mother's boyfriend, was questioned by defense counsel about whether he had been in trouble with the law; Murphy admitted he had been. Defense counsel then asked Murphy if he had been in trouble for lying, and Murphy answered no. At that time, the State advised the circuit court that Murphy had no felonies on his record, nor did Murphy have any misdemeanors involving truthfulness. The circuit court inquired if defense counsel had a good-faith basis for asking the question; defense counsel admitted he did not know if Murphy had been convicted of any crime; and the circuit court admonished defense counsel *285 such questions would not be allowed without a good-faith basis for asking such questions about criminal history. Rule 609(a) of the Arkansas Rules of Evidence concerns impeachment by evidence of conviction of crimes and provides:
For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.
Here, defense counsel admitted he had no good-faith basis for asking Murphy those questions; he admitted he knew nothing about Murphy's criminal history. The circuit court did not abuse its discretion in ruling as it did.
The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. Robertson v. State , 2018 Ark. App. 13, 2018 WL 523250. Counsel asserts that after thoroughly reviewing the record, he has found no nonfrivolous arguments to support an appeal. His brief lists the rulings adverse to Wilson, and counsel explains "why each adverse ruling is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(k)(1) (2017). From our review of the record and the brief presented to us, we find compliance with Rule 4-3(k). Wilson's conviction is affirmed, and counsel's motion to withdraw is granted.
Affirmed; motion to withdraw granted.
Gladwin and Whiteaker, JJ., agree.

This is the third time this case has been before our court. In Wilson v. State , 2017 Ark. App. 392, 2017 WL 2665026 (Wilson I ), our court remanded this case for supplementation of the record with the omnibus hearing, ordered rebriefing, and denied counsel's motion to withdraw. Counsel supplemented the record with the omnibus hearing, and he received permission from our court to stand on his original brief. In Wilson v. State , 2017 Ark. App. 644, 2017 WL 5762358 (Wilson II ), our court again denied counsel's motion to withdraw and ordered rebriefing due to counsel's failure to address several rulings adverse to Wilson. Counsel corrected these omissions and has now addressed all adverse rulings.