RAYMOND R. ABRAMSON, Judge
Appellant Odis "Bo" Hamrick was found guilty by the Lonoke County Circuit Court of one count of theft of property in violation of Arkansas Code Annotated section 5-36-103(b)(2)(A) (Repl. 2013) at a bench trial on October 31, 2018. The circuit court sentenced Hamrick, as a habitual offender, to 180 months' imprisonment with 60 months' suspended imposition of sentence. Hamrick appeals his conviction, arguing that there is a lack of sufficient evidence to support it. We affirm but remand to correct an error in the sentencing order.[1]
At trial, only two witnesses were called. Nathan Pruss, owner and operator of Bruno's Powersports in Cabot, Arkansas, testified on behalf of the State, and Hamrick testified in his own defense. Hamrick and Pruss entered into an agreement in October 2014 for Hamrick to sell several boats to Pruss. Hamrick was a boat broker of sorts. Hamrick acquired the boats' titles, and on October 23, 2014, Hamrick sent the titles to Pruss's wife, Sharon, via FedEx overnight delivery. Pruss paid Hamrick for all the boats and received a bill of sale documenting the transaction. Hamrick never delivered the last boat to Pruss. Months went by, and *736 Pruss demanded repayment for the undelivered boat.
In order to resolve the dispute, Hamrick wrote Bruno's Powersports a check for $ 8,951.46 on December 2, 2014, with the "for" section of the check reading: "Payment on boat buy back." The check was signed by Hamrick and was written from his personal account. On December 8, 2014, Arvest Bank notified Pruss that Hamrick's account had been closed. Pruss never received any payment from Hamrick, and the boat was never delivered. Defense counsel timely moved to dismiss after the State rested and renewed the motion at the close of all the evidence, alleging that there was not sufficient evidence to establish what the subject matter of the theft was (i.e. the boat or the money). Specifically, Hamrick argued that there was insufficient evidence for a fact-finder to reach the conclusion that he exercised unauthorized control of another's property without resorting to speculation or conjecture. The court denied the motion each time.
In its ruling from the bench, the circuit court found the following:
All right. Mr. Pruss testified that he received the bill of sale on the boats--on all the boats he received a bill of sale. He paid for the boats. He stated he dealt with Mr. Odis Hamrick totally. He didn't receive one of his boats. There's a check here where there was money given back to Brutus [sic] Powersports and it didn't go through and it was payment on boat--what was it?--"payment on buyback." Payment on buyback of a boat. It didn't go through. He never did buy back the boat. He never received a boat that he paid for, so he was deprived of his property. I find him guilty.
On appeal, Hamrick argues that the State failed to prove that (1) he ever possessed the undelivered boat and that (2) Pruss paid him money for the undelivered boat. The State contends that it is irrelevant whether Hamrick ever possessed the boat, as the evidence at trial was sufficient to demonstrate that Hamrick exercised unauthorized control over $ 8,951.46 from Pruss.
A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. Cora v. State , 2009 Ark. App. 431, at 3, 319 S.W.3d 281, 283. We will affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. Id. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. Id. Circumstantial evidence may constitute substantial evidence to support a conviction if it excludes every other reasonable hypothesis other than the guilt of the accused. Snow v. State , 2018 Ark. App. 612, at 5, 568 S.W.3d 290. The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. Cora, supra. On appeal, we do not weigh the evidence presented at trial, as that is a matter for the fact-finder; nor do we assess the credibility of the witnesses. Ewell v. State , 375 Ark. 137, 138, 289 S.W.3d 101, 102 (2008).
The theft-of-property statute provides that "a person commits theft of property if he or she knowingly takes or exercises unauthorized control over or makes an authorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property." See Ark. Code Ann. § 5-36-103(a)(1). Arkansas Code Annotated section 5-36-103(b)(2)(A), the specific statute with which Hamrick was charged in the instant case, makes the crime a Class C felony when "the value of the property is less *737 than twenty-five thousand dollars ($ 25,000) but more than five thousand dollars."
Based on these statutes, and when viewing the evidence in the light most favorable to the verdict, we hold that substantial evidence supports Hamrick's theft-of-property conviction. Only Pruss and Hamrick testified at trial, and the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. E.g. , Reynolds v. State , 2016 Ark. 214, at 3, 492 S.W.3d 491, 494. The circuit court was not required to believe the self-serving evidence from Hamrick--that he never possessed the undelivered boat--since he was the person most interested in the outcome of the proceeding. Rankin v. State , 338 Ark. 723, 1 S.W.3d 14 (1999). We will not reweigh the evidence on appeal. Drennan v. State , 2018 Ark. 328, at 6, 559 S.W.3d 262, 266. In fact, we will disregard testimony that the fact-finder has found credible only if it is so inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ about it. Hillman v. State , 2019 Ark. App. 89, at 5-6, 569 S.W.3d 372, 375-76. Such is not the case here.
Under this standard of appellate review, we hold that there is substantial evidence to support Hamrick's conviction. Accordingly, we affirm.
Affirmed; remanded to correct sentencing order.
Gruber, C.J., and Harrison, J., agree.

The sentencing order reflects that Hamrick entered both a negotiated plea of guilty and also that he was found guilty by the court and sentenced by the court. However, Hamrick did not enter a guilty plea. On remand, we direct the court to correct this error.