Cite as 2019 Ark. App. 518

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-19-153

| | |
|---|---|
| CALVIN C. WILLIAMS, JR. | **Opinion Delivered:** November 6, 2019 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR-18-1995] |
| V. | |
| STATE OF ARKANSAS | HONORABLE HERBERT WRIGHT, JUDGE |
| APPELLEE | AFFIRMED; REMANDED WITH INSTRUCTIONS TO CORRECT THE SENTENCING ORDER |

## PHILLIP T. WHITEAKER, Judge

Appellant Calvin Williams was charged with six felony counts following an altercation with his girlfriend.[1] The Pulaski County Circuit Court, sitting as the trier of fact, found him guilty on five of those counts. On appeal, Williams argues that the circuit court should have granted his motion to dismiss as to one of his convictions—that for aggravated assault on a family or household member. We find no error and affirm.

We treat a motion to dismiss at a bench trial like a motion for directed verdict at a jury trial; it is considered a challenge to the sufficiency of the evidence. *Hamrick v. State*, 2019 Ark. App. 298, 577 S.W.3d 734. We affirm a circuit court's denial of the motion if

---

[1]Williams was charged with two counts of second-degree domestic battery, two counts of aggravated assault on a family or household member, and two counts of terroristic threatening. The circuit court granted Williams's motion to dismiss one of the second-degree domestic-battery counts.

there is substantial evidence, either direct or circumstantial, to support the verdict. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. *Id.* On appeal, we view the evidence in the light most favorable to the verdict, considering only evidence supporting the verdict. *Id.* Moreover, we do not weigh the evidence presented at trial, as that is a matter for the fact-finder, nor do we assess the credibility of the witnesses. *Id.*

Williams appeals his conviction for aggravated assault on a family or household member. To commit this offense, Williams had to purposely engage in conduct that created a substantial danger of death or serious physical injury to a family or household member under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-26-306(a)(1) (Repl. 2013). His argument on appeal is that the State failed to prove that he engaged in conduct that created a substantial danger of death or serious physical injury.[2] We therefore examine the testimony presented at trial to determine if sufficient evidence supports Williams's aggravated-assault conviction.

Tawanna Willingham, the victim of the assault, was Williams's girlfriend. She and Williams had been in a relationship for a year and a half.[3] On the day of the altercation, Williams went to Willingham's home and threatened violence if she did not let him inside. Willingham let Williams into her home. Once inside, he brandished a pocket knife, held the knife to the chest of her two-year-old son and threatened to kill him, and told

---

[2]Williams does not challenge the element requiring that the assault be perpetrated on a family or household member.

[3]Willingham was seven months pregnant with Williams's child on the day of the assault.

Willingham that her children would witness something bad happening to her. He was true to his threat. In the presence of her children, Williams began punching Willingham repeatedly in her face, eyes, and ears. Because he had the knife in his hand while he was punching her, she sustained a cut on her ear.

On appeal, Williams does not dispute that he punched Willingham in the face or caused her left ear to be cut. Instead, he argues that the State failed to prove that he engaged in conduct that created a substantial danger of death or serious physical injury. In making this argument, he focuses on the statutory phrase "serious physical injury." Williams acknowledges that "serious physical injury" is defined in Arkansas Code Annotated section 5-1-102(21) (Repl. 2013) as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." He notes, however, that the word "substantial" is not defined in the statute. Williams cites cases from New Mexico and Washington to argue in favor of a "quantitative definition" of the word that would require evidence of something "of ample or considerable quality or amount." Applying his favored definition, Williams contends that none of Willingham's injuries were "substantial." We are not persuaded by his arguments.

Under Arkansas caselaw, Williams did not have to cause death or serious physical injury to be convicted of aggravated assault on a family or household member. In *Wooten v. State*, 32 Ark. App. 198, 201, 799 S.W.2d 560, 562 (1990), this court explained that our aggravated-assault statute requires only the "*creation* of substantial danger of death or serious physical injury to another person." (Emphasis added.) In *Nelson v. State*, 84 Ark. App. 373,

3

141 S.W.3d 900 (2004), we affirmed a conviction for aggravated assault on a family or household member when the appellant grabbed a shotgun and pointed it at his family but was disarmed before using it. In *Williams v. State*, 96 Ark. App. 277, 241 S.W.3d 290 (2006), this court affirmed a conviction for aggravated assault on a family or household member when the appellant attempted to hit the victims with her automobile. We rejected the argument that the testimony showing that she only attempted to hit the victims with the car did not constitute substantial evidence that she engaged in conduct that created a substantial danger of death or serious injury to the victims. *See also Schwede v. State*, 49 Ark. App. 87, 89, 896 S.W.2d 454, 455 (1995); *Johnson v. State*, 132 Ark. 128, 130, 200 S.W. 982, 982 (1918) (holding that "the act of drawing a pistol, if accompanied by threats evidencing an intention to use it on the person threatened, constitutes an assault").

Here, Williams engaged in conduct sufficient to show that he committed an aggravated assault on Willingham. He repeatedly punched her in the head and face while brandishing an open pocket knife, which can certainly create a substantial danger of death or serious physical injury. Viewing the evidence in the light most favorable to the State, we hold that substantial evidence supports Williams's conviction, and we therefore affirm.

As a final matter, Williams notes that there is a scrivener's error on his sentencing order. Admittedly, the circuit court entered an order reflecting that one count of second-degree domestic battery was nolle prossed, when in fact the circuit court granted Williams's motion to dismiss that count. The circuit court is free to correct a clerical error to have the judgment speak the truth. *Jefferson v. State*, 2017 Ark. App. 536, 532 S.W.3d 593. We therefore affirm Williams's conviction but remand to the circuit court with instructions to

correct the sentencing order. *See, e.g.*, *Carter v. State*, 2019 Ark. App. 57, at 17, 568 S.W.3d 788, 798.

Affirmed; remanded with instructions to correct the sentencing order.

GRUBER, C.J., and VAUGHT, J., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.