Cite as 2021 Ark. App. 447

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-695

| | | |
|---|---|---|
| JEFFREY MAREK | | **Opinion Delivered** November 17, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-18-399] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BARBARA W. WEBB, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Jeffrey Marek appeals his conviction of aggravated assault on a family or household member. On appeal, he argues that the circuit court erred by denying his motion to dismiss. We affirm.

On September 21, 2018, the State filed an amended criminal information charging Marek with aggravated assault on a family or household member and as a habitual offender. The case proceeded to a bench trial.

At trial, Angel Nichols testified that Marek is her former boyfriend. She stated that on April 2, she and Marek went to dinner and drank alcohol. She explained that later that night, they got into a disagreement and that he choked her with his hands in her bedroom. She stated that she could not breathe and that she felt as though she would lose

consciousness. She testified that she yelled for her daughter, and when her daughter entered the bedroom, Marek stopped and ran from the home. On cross-examination, Nichols stated that she could not remember exactly how Marek had choked her but that "he was hitting me and choking me . . . all I know is I couldn't breathe."

Taylor Davidson, Nichols's adult daughter, testified that on April 2, she heard her mother screaming in her bedroom and that when she entered the bedroom, she saw Marek with his hands around her mother's throat. She stated that after she turned on the bedroom light, he stopped choking Nichols and fled the home. She testified that she then called the police.

Detective Joseph Amunson testified that he responded to Nichols's home on April 2 and that Nichols reported that Marek had hit her with his fist and had placed his elbow on her neck to restrict her airway. He stated that Nichols had a laceration to her nose and cheekbone and minor red marks on her neck. He also stated there was blood on Nichols's pillow. The State introduced photos of Nichols, and Amunson noted that the redness on Nichols's neck is not visible in the photos.

At the conclusion of the State's case, Marek moved to dismiss,[1] arguing that the State failed to prove that Marek had assaulted Nichols because Nichols's and Davidson's accounts were inconsistent and not credible. The court denied the motion. The court found Marek

---

[1]Marek moved for directed verdict. However, Marek's motion is treated as a motion to dismiss because this was a bench trial. *Cora v. State*, 2009 Ark. App. 431, 319 S.W.3d 281 (citing *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005)).

guilty of aggravated assault on a family or household member, and it sentenced him to ten years' imprisonment. This appeal followed.[2]

On appeal, Marek argues that the circuit court erred by denying his motion to dismiss. He argues that the State presented no credible evidence that he impeded or prevented the respiration of a family or household member because Nichols's and Davidson's accounts were inconsistent and not credible.

We treat a motion to dismiss at a bench trial like a motion for directed verdict at a jury trial; it is considered a challenge to the sufficiency of the evidence. *Hamrick v. State*, 2019 Ark. App. 298, 577 S.W.3d 734. We affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. *Id.* On appeal, we view the evidence in the light most favorable to the verdict, considering only evidence supporting the verdict. *Id.* Moreover, we do not weigh the evidence presented at trial, as that is a matter for the fact–finder, nor do we assess the credibility of the witnesses. *Id.*

A person commits aggravated assault on a family or household member if, under the circumstances manifesting extreme indifference to the value of human life, the person purposely impedes or prevents the respiration of a family or household member or the circulation of a family or household member's blood by applying pressure on the chest,

---

[2]On April 5, 2021, the supreme court granted Marek's motion to file a belated appeal. *See Marek v. State*, 2021 Ark. 77, 620 S.W.3d 181.

throat, or neck or by blocking the nose or mouth of the family or household member. Ark. Code Ann. § 5-26-306(a)(3) (Supp. 2021).

Viewing the evidence in the light most favorable to the State, we hold that the evidence is sufficient to support Marek's conviction of aggravated assault on a family or household member. Both Nichols and Davidson testified that Marek choked Nichols. Nichols stated that she could not breathe and that she believed she would lose consciousness. Further, Amunson testified that Nichols had red marks on her neck. Any inconsistencies in their testimony are for the fact-finder to resolve, and the fact-finder is free to believe all or part of the witnesses' testimony. *Vega v. State*, 2017 Ark. App. 259, 521 S.W.3d 507; *Devries v. State*, 2019 Ark. App. 478, 588 S.W.3d 139. We therefore affirm Marek's conviction of aggravated assault on a family or household member.

Affirmed.

BARRETT and WHITEAKER, JJ., agree.

*The Cannon Law Firm, PLC*, by: *David R. Cannon*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.