Cite as 2024 Ark. App. 175

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-23-184

| | |
|---|---|
| TRACY COTTRELL | Opinion Delivered March 6, 2024 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | [NO. 60CR-21-449] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | REVERSED AND REMANDED |

**WAYMOND M. BROWN, Judge**

Appellant Tracy Cottrell was found guilty of felony third-degree domestic battery by the Pulaski County Circuit Court. He was sentenced to four years' imprisonment.[1] He argues on appeal that the circuit court erred in finding him guilty of felony third-degree domestic battery because the State failed to present sufficient evidence that he had been convicted of third-degree domestic battery in the past five years. We reverse and remand.

Appellant's bench trial took place on June 27, 2022. Arabryana Guy, the victim, testified that on October 4, 2020, she and appellant were dating. She stated that on that date, appellant was drunk and upset and asked to look through her phone. She said that

---

[1]He was also found guilty of violating a no-contact order and was sentenced to one year in the county jail; however, that conviction is not an issue on appeal.

she allowed appellant to look through her phone, and she walked into the back bedroom. She stated that appellant followed her to the back and got upset because she told him that she "was not in the mood" and "didn't want to talk to him because he was drunk." She said that appellant had already taken her keys and glasses, so she could not leave. Guy testified that appellant subsequently attacked her. She explained that appellant slapped her, pulled her hair, and punched her. She also stated that appellant hit her with a cup and threw her into the door, breaking the wood and causing her to cut her arm as a result. Appellant then dragged her out of his apartment by her hair. She stated that her arms and nose were bleeding, and she had several gashes from appellant's breaking the cup on her. Guy testified that appellant's neighbor called the police, and the police took pictures of her injuries. Photos admitted into evidence from that day showed signs that appellant had choked Guy and scratched up her arms. Photos also showed blood on appellant's door and on the floor of the apartment. While looking at a photo of her knee, Guy stated that that is where appellant kicked her. Guy testified that she still has bald spots on the top of her head from where appellant pulled her hair out. She acknowledged that at the time of this attack, there was a no-contact order in place due to a previous incident involving appellant.

Guy testified that she had been dating appellant on June 2, 2019. She stated that on that day, she and her daughter were visiting appellant. She said that appellant was drinking and became upset because she would not let him use her car. She stated that they had an argument, and appellant came from outside and began choking and punching her in her back, in front of her daughter. She said that the police were called, and pictures were taken

2

of her injuries. The photos from that day showed evidence that Guy had been choked and her arms had been scratched up. Guy testified that she had other injuries from appellant's dragging her down the steps in front of his apartment. She stated that appellant was arrested following this incident.

On cross-examination, Guy stated that appellant had not yet been tried for the 2019 incident. She conceded that since appellant had not been tried for the 2019 incident, he had not been convicted.

Appellant moved for dismissal at the conclusion of the State's case, arguing that the State failed to meet its burden that he was guilty of felony third-degree battery because he had not been convicted of the earlier incident. The State disagreed, contending that a conviction was not necessary to prove its case. The circuit court read the statute and agreed with the State. Appellant's motion was denied.

Appellant testified that in June 2019, Guy injured his face as he was trying to put her out of his apartment. He stated that he called the police and they both were arrested.[2] He said that in October 2020, Guy came to his apartment, even though there was a no-contact order in place. He stated that he did not let Guy in, and she began beating on his door and windows. He said that Guy completely tore his screen door off the hinges because he would not let her in. Appellant testified that the blood and hair found in his apartment was the result of the police tracking it in from outside. He insisted that he never let Guy into his

---

[2]The State clarified at appellant's sentencing hearing that the charge against Guy was nol prossed once it determined that the scratch on appellant's face was a defensive wound.

apartment on that day. He denied putting his hands on Guy and stated that her injuries had to be from what she did to the screen door and "whatever else she was doing outside the door."

On cross-examination, appellant stated that in the 2019 incident, appellant's daughter called the police at the same time he did to make it "seem like . . . it was [Guy] that was being attacked." He denied knowing how Guy received injuries in the 2019 incident. Appellant testified that the blood outside his front door in October 2020 was because Guy ripped off his screen door and was trying to get into his house. He denied knowing how Guy received injuries on that day and said that the police must have tracked Guy's blood into his apartment from outside.

Appellant unsuccessfully renewed his motion to dismiss. The circuit court found appellant guilty but held off sentencing until a sentencing hearing could take place. Appellant's sentencing hearing took place on August 3. Appellant was sentenced to four years' imprisonment. He filed a timely notice of appeal.

A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence.[3] The denial of a motion to dismiss is affirmed if there is substantial evidence, direct or circumstantial, to support the conviction.[4] Substantial evidence is evidence that is sufficient to compel a conclusion one

[3]*Colen v. State*, 2022 Ark. App. 148, 643 S.W.3d 274.

[4]*Marek v. State*, 2021 Ark. App. 447, 635 S.W.3d 785.

4

way or the other beyond suspicion and conjecture.[5] On appeal, we view the evidence in the light most favorable to the verdict, considering only evidence supporting the verdict.[6] Moreover, we do not weigh the evidence presented at trial since that is a matter for the fact-finder, nor do we assess the credibility of the witnesses.[7] The fact-finder is not required to believe any witness's testimony, especially the self-serving testimony of the accused, because the accused is the person most interested in the outcome of the trial.[8]

Appellant argues that the circuit court erred in finding him guilty of felony third-degree domestic battery because the State failed to present sufficient evidence that he had been convicted of third-degree domestic battery in the past five years. A person commits domestic battering in the third degree if with the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member.[9] Domestic battering in the third degree is a Class D felony if the person committed the offense of domestic battering in the third degree within five years of the offense of domestic battering in the third degree.[10]

---

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*E.g.*, *Adams v. State*, 2020 Ark. App. 107, 594 S.W.3d 884.

[9]Ark. Code Ann. § 5-26-305(a)(1) (Supp. 2019).

[10]Ark. Code Ann. § 5-26-305(b)(2)(*B*)(iii).

The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.[11] When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction.[12] A statute is ambiguous only where it is open to two or more constructions or when it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning.[13] When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; that intent must be gathered from the plain meaning of the language used.[14] Here, the statute is clear that to be guilty of felony third-degree domestic battery, a person must have committed the offense of third-degree domestic battery within the past five years. While interpreting an earlier version of the statute in question, our supreme court held that a criminal act is not elevated to the status of an offense for the purpose of a sentencing enhancement until there is a conviction.[15] In interpreting a statute, we presume that the legislature is familiar with our decisions.[16] Although evidence showed that appellant was facing third-degree domestic-

---

[11]*Magness v. State*, 2012 Ark. 16, 386 S.W.3d 390.

[12]*Id.*

[13]*Id.*

[14]*Id.*

[15]*See Colburn v. State*, 352 Ark. 127, 98 S.W.3d 808 (2003).

[16]*Books-A-Million, Inc. v. Ark. Painting & Specialties Co.*, 340 Ark. 467, 10 S.W.3d 857 (2000).

battery charges resulting from the 2019 incident against Guy, at the time of his conviction in this case, he had not yet been tried or convicted for the prior incident. Without a prior conviction, the State lacked sufficient evidence to support its contention that appellant's sentence for the 2020 incident should be enhanced based on the 2019 incident. Therefore, we agree with appellant that the circuit court erred in denying his motion to dismiss the felony domestic-battery charge because the State failed to meet its burden of proof. However, sufficient evidence does exist for the circuit court to convict appellant of the lesser-included *misdemeanor offense* of third-degree domestic battering under Arkansas Code Annotated section 5-26-305(b)(1). Accordingly, we reverse and remand for an order consistent with this opinion.

Reversed and remanded.

KLAPPENBACH and HIXSON, JJ., agree.

*David Sudduth*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.