Cite as 2025 Ark. App. 174

# ARKANSAS COURT OF APPEALS
## DIVISION I
No. CR-23-659

| | | |
|---|---|---|
| CRAIG HENRY | | Opinion Delivered March 19, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 01SCR-21-93] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DONNA GALLOWAY, JUDGE |
| | | |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Craig Henry appeals from his March 7, 2023 conviction by the Arkansas County Circuit Court on a charge of fleeing, for which he was sentenced to five years of supervised probation.[1] His sole issue on appeal is a challenge to the sufficiency of the evidence supporting his conviction.[2] We affirm.

---

[1]This case was originally filed as a no-merit brief by prior counsel. In *Henry v. State*, 2024 Ark. App. 375, we denied the related motion to withdraw and ordered rebriefing regarding an objection to the reimbursement of meals and costs associated with transporting Henry back to Arkansas following his failure to appear. His subsequently appointed counsel refiled as a merit brief.

[2]Henry suggests that we might remand to settle the record with a copy of a document the circuit court reviewed and used as the basis for its calculation of imposed fines, fees, court costs, and restitution of $2,625.53—but which was never admitted into evidence. We hold there is no need to do so. While an illegal sentence may be corrected at any time, *e.g.*,

I. *Facts and Procedural History*

On or about April 22, 2021, the State filed a criminal information charging Henry with one count of fleeing, a Class D felony, in violation of Arkansas Code Annotated section 5-54-125 (Repl. 2024). Henry waived his right to a trial by jury, and he was tried in a bench trial on February 17, 2023.

The State called Constable James Shelton as its sole witness. Constable Shelton testified that on April 10, 2021, he was patrolling Highway 153 in his patrol car, which had insignia and blue lights indicating it was a law enforcement car. Constable Shelton explained that he was patrolling on a gravel road when a white vehicle pulled up behind him, abruptly turned around, then turned down a flooded gravel dead-end road. Constable Shelton testified that he was curious because the only thing down the gravel road was a farm shop that holds farm equipment, tools, tractors, and other equipment, and he found it odd that somebody would drive down a flooded gravel road in a "little bitty small car."

Constable Shelton stated that he waited to see if the car made it back out. He testified that it did make it through the water and came back in about three to five minutes. Constable Shelton turned on his emergency lights and stopped beside the car as they were meeting each other. Constable Shelton testified that as he pulled up beside the driver, he asked his name,

---

*Weeks v. State*, 2024 Ark. 132, at 2, Henry concedes that the fines, fees, and court costs imposed were legal. Moreover, he never objected to the amount of fines, fees, court costs, and restitution before the circuit court. In the absence of any claim of an illegal sentence and any objection to the restitution imposed, there is nothing for this court to review.

and the driver said it was "Oates." Constable Shelton noted that he was familiar with Henry, having previously met and talked with him, and he knew Henry's last name was not Oates.

Constable Shelton testified that as he pulled around to get behind Henry to pull him over for falsifying his identity to a police officer, Henry suddenly drove off. Constable Shelton stated that the white car got about half a mile ahead of him. When he realized that Henry was not going to stop, he started pursuing him with his emergency lights and siren on, reaching speeds of more than one hundred miles an hour, but he was unable to catch Henry. Constable Shelton testified that, at some point, he left the highway going onto a gravel road that was basically mud, but he noticed dust, which indicated the vehicle was still in front of him. Constable Shelton never caught Henry, but he testified that he had no doubt that Henry was the man driving the pursued vehicle. Constable Shelton said that he was in contact with other officers during the chase. A video of the pursuit was played for the circuit court and showed numerous other cars on the road during the high-speed chase.

The State asked Constable Shelton whether operating a vehicle at more than one hundred miles per hour over an extended period, in his opinion, creates a substantial risk of danger of death or serious injury. Defense counsel objected, arguing that the question called for a legal conclusion. The circuit court overruled the objection, and Constable Shelton responded that the rate of speed involved created a risk of death or serious injury to both him and other pedestrians or motorists.

The State rested following Constable Shelton's testimony. Henry elected not to testify, and the defense rested without moving for dismissal.

The circuit court found that the State had met its burden of proving fleeing beyond a reasonable doubt and found Henry guilty. The defense asked for a sentence of three years of probation because Henry had no criminal history. The circuit court denied that request and sentenced him to sixty months' probation plus fines, fees, court costs, and restitution of $2,625.53. Defense counsel also asked that the fine be set at less than $1,500, but the circuit court denied that request as well, stating that Henry was getting off lucky with just probation. Following the entry of the March 7, 2023 order, Henry filed a timely notice of appeal on April 4.

## II. *Standard of Review*

We recently reiterated our standard of review regarding a challenge to the sufficiency of the evidence supporting a conviction:

> A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. The denial of a motion to dismiss is affirmed if there is substantial evidence, direct or circumstantial, to support the conviction. Substantial evidence is evidence that is sufficient to compel a conclusion one way or the other beyond suspicion and conjecture. On appeal, we view the evidence in the light most favorable to the verdict, considering only evidence supporting the verdict. Moreover, we do not weigh the evidence presented at trial since that is a matter for the fact-finder, nor do we assess the credibility of the witnesses.

*Cottrell v. State*, 2024 Ark. App. 175, at 4–5, 686 S.W.3d 582, 585 (internal citations omitted).

## III. *Discussion*

Henry was charged with fleeing, a Class D felony, in violation of Arkansas Code Annotated section 5-54-125, which provides: "If a person knows that his or her immediate

arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of the person to refrain from fleeing, either on foot or by means of any vehicle or conveyance." Ark. Code Ann. § 5-54-125(a) (Repl. 2024). Fleeing by means of any vehicle or conveyance is considered a Class D felony if the person operated the vehicle or conveyance in excess of the posted speed limit. Ark. Code Ann. § 5-54-125(d)(2).

Henry challenges the sufficiency of the evidence supporting his conviction, arguing that because there was no crime being committed and the State failed to prove an articulable suspicion of a crime, the first element required for a conviction of fleeing is absent—that he must have known his immediate arrest or detention was being attempted—and his conviction should be reversed. *See Fowler v. State*, 2010 Ark. 431, at 4, 371 S.W.3d 677, 680–81.

His argument is not preserved for appeal because to preserve a challenge to the sufficiency of the evidence from a bench trial, a defendant must make a specific motion for dismissal at the close of all the evidence. *E.g.*, *Gadsden v. State*, 2019 Ark. App. 153, at 3, 570 S.W.3d 527, 529. The failure to do so constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. *Id.* at 4, 570 S.W.3d at 530. Our court will not address arguments made for the first time on appeal; a party is bound by the scope and nature of the arguments made at trial. *See Lewis v. State*, 2017 Ark. App. 442, at 10, 528 S.W.3d 312, 319.

It is undisputed that Henry did not move for dismissal at trial. He attempts to overcome this by invoking the fourth exception to the contemporaneous-objection rule laid out in *Wicks v. State*, 270 Ark. 781, 787, 606 S.W.2d 366, 370 (1980), which provides that

the appellate court is not precluded from taking notice of errors affecting substantial rights, even if they were not brought to the attention of the circuit court. We disagree. Application of the *Wicks* exceptions has been limited to specific constitutional and statutory-error arguments that are distinct from sufficiency-of-the-evidence arguments; a challenge to the sufficiency of the evidence is not included among the *Wicks* exceptions to the contemporaneous-objection rule.[3] *E.g., Compton v. State*, 2023 Ark. App. 587, at 9, 682 S.W.3d 348, 354–55. Accordingly, we affirm.

Affirmed.

HARRISON and HIXSON, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.

---

[3]Insofar as Henry's argument may be construed as a suppression-of-evidence argument under the Fourth Amendment and Arkansas Rule of Criminal Procedure 2.2 (2024), it is likewise not preserved for appeal because he never presented the argument to the circuit court, and *Wicks* does not excuse his failure to object on this basis. *See Sampson v. State*, 2018 Ark. App. 160, at 9–11, 544 S.W.3d 580, 586–87.