Cite as 2025 Ark. App. 283

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-24-602

| | | |
|---|---|---|
| CHRISTOPHER EVANS | | Opinion Delivered May 7, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-23-675] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Christopher Evans appeals his May 31, 2024 conviction by a Saline County jury on charges of possession of a Schedule I/II controlled substance—not methamphetamine, a Class D felony, in violation of Arkansas Code Annotated section 5-64-419(b)(2)(A) (Supp. 2023); and possession of drug paraphernalia to ingest, inhale, etc.—methamphetamine, a Class D felony, in violation of Arkansas Code Annotated section 5-64-443(a)(2) (Supp. 2023). He argues that the circuit court erred in denying his motion for directed verdict because the State failed to present sufficient evidence from which the jury could find that he "purposely" possessed a controlled substance and drug paraphernalia beyond a reasonable doubt. We affirm the conviction.

I. *Facts and Procedural History*

On July 17, 2023, Sergeant Derek Jester, a canine officer with the Bryant Police Department, stopped Evans for driving on a suspended license while Evans was on his way home from his job at Whole Hog Barbecue. Evans was the sole occupant of the vehicle that was registered in his name.

During the traffic stop, Sergeant Jester's canine partner, Roy, performed an exterior sniff of the vehicle. Roy, trained to alert to the odor of marijuana, heroin, cocaine, methamphetamine, and ecstasy, alerted to the odor of narcotics coming from the driver's-side window. Sergeant Jester and two other officers then searched Evans's vehicle[1] and found a glass pipe and a bag of psilocyn mushrooms.

The glass pipe was concealed inside a to-go box of barbecue macaroni and cheese that appeared to have been in the vehicle for only a short time. The bag of mushrooms was inside a backpack on the passenger-side floorboard. Officers did not find anything in the vehicle that belonged to anyone other than Evans, and Evans admitted that he had prior experience using psilocin mushrooms.

The glass pipe and mushrooms were submitted to the Arkansas State Crime Laboratory (ASCL) for testing. The ASCL confirmed the presence of methamphetamine on the glass pipe. ASCL testing also confirmed that there were 0.2227 grams of mushrooms

---

[1] A video recording of the search, from Sergeant Jester's body camera, was played for the jury at trial.

containing psilocin, a Schedule I controlled substance, in the bag recovered during the vehicle search.

The State charged Evans with one count of possession of a controlled substance—Schedule I/II, not methamphetamine or cocaine less than two grams in violation of Arkansas Code Annotated section 5-64-419(b)(2)(A)—alleging that on or about July 17, 2023, Evans possessed less than two grams of psilocyn/psilocybin, a Schedule I controlled substance, a Class D felony. Evans was also charged with possession of drug paraphernalia to ingest, inhale, etc.—methamphetamine, cocaine, heroin, or fentanyl in violation of Arkansas Code Annotated section 5-64-443(a)(2)—alleging that Evans did unlawfully and feloniously possess a glass pipe used to ingest or inhale methamphetamine, a Schedule II controlled substance, a Class D felony. The State further alleged that Evans had previously been convicted of a violation of Arkansas Code Annotated Chapter 64, thus heightening his offense to a Class D felony. The information also deemed Evans a habitual offender pursuant to Arkansas Code Annotated section 5-4-501 (Supp. 2023).

At the jury trial held on May 30, 2024, Evans's counsel moved for directed verdict at the close of the State's case-in-chief. He argued that the State did not meet its burden of proof with respect to evidence that Evans purposely possessed either the controlled substance (the mushrooms) or the drug paraphernalia (the glass pipe) or that he knew they were illegal. The circuit court denied the motion, and the defense rested without presenting additional evidence and renewed the motions for directed verdict. The circuit court denied the renewed motions as well.

Evans was found guilty as charged, and in accordance with the jury's recommendation, the circuit court sentenced him, as a habitual offender, to concurrent sentences of twelve years' imprisonment for each offense in the Arkansas Division of Correction with jail-time credit of three days. The sentencing order was entered on May 31, and Evans filed a timely notice of appeal on June 17.

II. *Standard of Review and Applicable Law*

We recently reiterated our standard of review regarding a challenge to the sufficiency of the evidence supporting a conviction:

> A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. The denial of a motion to dismiss is affirmed if there is substantial evidence, direct or circumstantial, to support the conviction. Substantial evidence is evidence that is sufficient to compel a conclusion one way or the other beyond suspicion and conjecture. On appeal, we view the evidence in the light most favorable to the verdict, considering only evidence supporting the verdict. Moreover, we do not weigh the evidence presented at trial since that is a matter for the fact-finder, nor do we assess the credibility of the witnesses.

*Henry v. State*, 2025 Ark. App. 174, at 4 (quoting *Cottrell v. State*, 2024 Ark. App. 175, at 4–5, 686 S.W.3d 582, 585). The jury may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Doucoure v. State*, 2024 Ark. 162, at 4, 698 S.W.3d 643, 645. The jury is not required to set aside common sense and need not view each fact in isolation but may consider the evidence as a whole. *Ford v. State*, 2020 Ark. App. 526, at 2–3.

Arkansas Code Annotated section 5-64-419(b)(2)(A) makes it a Class D felony to possess a controlled substance that is not methamphetamine, fentanyl, heroin, or cocaine

with an aggregate weight, including an adulterant or diluent, of less than two grams. Psilocin and psilocybin are Schedule I controlled substances. 21 C.F.R. § 1308.11(d)(29)–(30) (2025).

Arkansas Code Annotated section 5-64-443(a)(2) makes it a Class D felony to possess drug paraphernalia with the purpose of using the paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance if that substance is methamphetamine, and the accused has been convicted previously of a violation of Arkansas Code Annotated Chapter 64. Evidence was introduced that Evans had been convicted of in Pulaski County in 2021, in violation of Arkansas Code Annotated section 5-64-419(b)(1)(A).

To sustain a conviction for possession of a controlled substance or drug paraphernalia, the State need not prove that the accused physically possessed the contraband. *Robelo v. State*, 2012 Ark. App. 425, at 7, 421 S.W.3d 329, 333. It is enough to show that the location of the contraband was such that it could be said to be under the accused's dominion and control, i.e., constructively possessed. *Id.*; *see Keys v. State*, 2021 Ark. App. 469, at 8–9, 636 S.W.3d 835, 840 (holding that proof that the accused is the driver of the car is evidence that he exercised dominion and control over the contraband found therein). To prove constructive possession, there must be some evidence that the accused had knowledge of the contraband's presence. *Terry v. State*, 2018 Ark. App. 435, at 4, 559 S.W.3d 301, 304. Knowledge and control of the contraband, however, can be inferred from the circumstances, such as the proximity of the contraband to the accused and the accused's ownership of the property where the contraband is found. *Id.* at 4–5, 559 S.W.3d at 304.

III. *Discussion*

Evans argues that the circuit court erred in denying his timely motions for directed verdict pursuant to Arkansas Rule of Criminal Procedure 33.1(a) (2024). His argument was that the State had failed to present enough evidence to establish that Evans purposefully possessed the controlled substance (bag of mushrooms) or the drug paraphernalia (glass pipe).

Evans acknowledges that his counsel did not object to the stop and search of his vehicle, the qualifications of Andrea Henrichs with the ASCL, or the introduction of the bag of mushrooms or the glass pipe into evidence. He notes, however that his counsel did solicit testimony from Sergeant Jester, who acknowledged that (1) Evans was cooperative during the search; (2) the interior of Evans's vehicle was filthy and took a long time to search; (3) Evans did not admit that he knew there were drugs in the vehicle; and (4) it was possible there was information in the vehicle that might have identified other people who had previously been in the vehicle and whose identities had not been discovered in the search. Sergeant Jester also testified that neither the bag containing the mushrooms nor the glass pipe were sent off for fingerprints or DNA testing.

Moreover, Evans submits that Ms. Henrichs confirmed that neither the bag of mushrooms nor the glass pipe was tested for fingerprints or DNA, even though the ASCL does have the capability to test for such identifying information. Evans notes that she also testified that it is possible that mushrooms containing psilocin or psilocybin like the ones

6

found in Evans's vehicle grow in the wild. She likewise acknowledged that the glass pipe was submitted along with a napkin that could have possibly contaminated it.

Evans argues that the denials of his motions for directed verdict constitute reversible error. He maintains that pursuant to the standard set out in *Dye v. State*, 2018 Ark. App. 545, at 2, 564 S.W.3d 299, 302, the evidence supporting his convictions is insufficient. Evans argues that other conclusions easily could have been drawn from the evidence in this case. As an example, Evans submits that someone else could have placed the evidence in the vehicle without his knowledge. He maintains that we would "know for sure" whether the items belonged to him had the ASCL simply run a fingerprint or DNA analysis. Evans submits that because those tests were not done, the jury was left with speculation and conjecture, making it impossible for the State to have proved his guilt beyond a reasonable doubt. He notes that a juror is satisfied beyond a reasonable doubt if after an impartial consideration of all the evidence, he has an abiding conviction of the truth of the charge. *Clark v. State*, 374 Ark. 292, 287 S.W.3d 567 (2008).

In his closing argument, Evans's counsel pointed out the failure of the State to make sure the bag of mushrooms or the glass pipe were tested to show, conclusively, that they belonged to Evans. He noted that there is a crime lab in Little Rock, and in this case, the State decided to send the bag of mushrooms and the glass pipe to the lab. He urged that the State easily could have asked that the items be tested for fingerprints and DNA, and that would have constituted direct evidence that Evans was in possession of those items. Evans submits that even with all the power and resources at the State's disposal, the State still failed

7

to request that the bag of mushrooms or the glass pipe be fingerprinted or DNA tested. He asserts that the State merely wanted the items to be tested for the chemicals to determine if they were illegal and, if so, wanted the jury to rely on the State's word that Evans was in possession of them.

In short, Evans argues that even though his counsel "sowed reasonable doubt all over the place," the jury erred in finding there was sufficient evidence to convict him beyond a reasonable doubt. He submits that is doubly true considering that the evidence presented was circumstantial at best. Evans claims that the circumstantial evidence did not exclude every other hypothesis regarding who had possessed the items at issue. And he notes that Sergeant Jester confirmed that he had asked Evans if anyone else had ridden in his vehicle but was unclear about Evans's answer or how frequently anyone else would have ridden in the vehicle or could have used drugs in the vehicle.

We disagree and hold that substantial evidence supports Evans's convictions. Under the standards previously set out, substantial evidence established that Evans possessed the bag of psilocin mushrooms and the glass pipe found in his vehicle. It is undisputed that Evans was the sole occupant and registered owner of the vehicle, and a search did not uncover anything in the vehicle belonging to anyone but him. Also, he was driving home from work at Whole Hog Barbecue when he was stopped, and the glass pipe was found inside a to-go box containing barbecue macaroni and cheese, which appeared to have been in the vehicle for a short time, making it unlikely that anyone but Evans had placed it there. Additionally, the bag of mushrooms was found inside a backpack on the passenger-side

8

floorboard, and Evans admitted that he was familiar with using this type of mushroom. Accordingly, the jury could have reasonably concluded that Evans had knowledge and control over both the bag of mushrooms and the glass pipe.

We hold there is no basis for reversal in Evans's argument that his counsel "sowed reasonable doubt all over the place and the jury—in spite of that—erred in finding there was enough evidence to convict" considering this court's standard of review in sufficiency challenges, which considers only evidence supporting the verdicts. *See Henry, supra.* Moreover, contrary to Evans's argument, the jury had no obligation to view the evidence in the way that he wanted and did not err by refusing to do so. *See Davis v. State*, 2024 Ark. 49, at 11, 685 S.W.3d 909, 916. In asking this court to focus on evidence that undermines the jury's conclusion that he constructively possessed the methamphetamine, Evans asks us to reweigh the evidence in his favor, which we will not do. *See Pamplin v. State*, 2025 Ark. App. 225, at 16, __ S.W.3d __, __. Because the evidence supporting the verdicts compels the conclusion that Evans had knowledge of and control over the bag of mushrooms and the glass pipe at issue, we affirm.

Affirmed.

THYER and WOOD, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.